**People of the State of Illinois, Plaintiff-Appellee, v. James Joseph Novak (Impleaded), Defendant-Appellant.**

Gen. No. 50,968.

First District, First Division.

June 12, 1967.

Manning K. Leiter, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Carl M. Walsh, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

In a jury trial, defendant was convicted of attempted robbery and aggravated battery. He was sentenced to concurrent terms of 10 to 14 years for attempted robbery and 5 to 10 years for aggravated battery. His codefendant, George Bellinghiere, entered a plea of guilty and was sentenced to 3 to 6 years.

On appeal defendant contends:

■

1.  Both convictions should be reversed because of prejudicial error which was committed by the trial court in admitting testimony concerning defendant's refusal to make a statement to police.

2.  The defendant's conviction of aggravated battery must be reversed because the defendant was not legally accountable for the battery, a shooting perpetrated by an alleged accomplice in the attempted robbery.

3.  The defendant's sentence was unjustly severe. If his convictions are not reversed, the sentence should be reduced.

On August 17, 1964, defendant and Bellinghiere entered a tavern and defendant, holding a gun, said, "This is a holdup." The tavern owner, Joseph Chmura, was shot by Bellinghiere. Defendant was identified by five occurrence witnesses as the man with a gun, who announced the holdup. Defendant testified and denied he planned any robbery or that he had a gun.

Defendant alleges prejudicial error during the direct examination of a police officer, a State's witness. He testified that on August 31, 1964, "we asked him about the robbery in the tavern and he said he was instructed by his attorney not to make a statement." The trial court denied defendant's motion for a mistrial and permitted the statement to stand.

■ We agree that the admission of this statement was error. See People v. Lewerenz, 24 Ill2d 295, 299, 181 NE2d 99 (1962). However, we do not believe this error was prejudicial here, because it could not have reasonably affected the result of the trial in view of the overwhelming evidence of defendant's guilt. Real justice was not denied, and a just conclusion was reached. See People v. Tranowski, 20 Ill2d 11, 17, 169 NE2d 347 (1960).

■ ■ Defendant's next contention is that he was not guilty of aggravated battery because he was not responsible for the conduct of Bellinghiere, who confessed the shooting. In support, defendant cites section 5-2 of the Criminal Code (Ill Rev Stats, c 38), which defines when a person is legally accountable for the conduct of another. From this defendant argues that he "must have had an intent to promote or facilitate the shooting, in order to be legally accountable for it. But there is no evidence in the record that defendant had any such intent." We find no merit in this contention. The record shows a common design to do an unlawful act, and "whatever is done in furtherance of the design is the act of all, making each person guilty of the crime." People v. Cole, 30 Ill2d 375, 379, 196 NE2d 691 (1964).

■ We find merit in defendant's request that his attempted robbery sentence should be reduced. This court will take notice of a copy of a letter included in defendant's brief, in which the trial judge states, "You point out that I then sentenced the defendant to ten to fourteen years in the penitentiary on the robbery charge. Were I vested with the jurisdiction to review this sentence at this time, I would not alter the maximum term but would reduce the minimum term to five years," relating his reasons therefor, which were present at the time of sentencing. Therefore, we believe this is a proper case for the use of the statutory power given on appeal to reduce the punishment imposed by the trial court (Ill Rev Stats 1965, c 38, § 121–9(b)(4)).

For the reasons given, defendant's conviction of attempted robbery is affirmed and his sentence is reduced to a minimum of 5 years and a maximum of 14 years in the Illinois State Penitentiary. Defendant's conviction of aggravated battery and sentence is affirmed. Both sentences are to run concurrently. As modified, the

judgment of the Criminal Division of the Circuit Court is affirmed.

Judgment modified and affirmed.

BURMAN and ADESKO, JJ., concur.