(No. 42628.–)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DANIEL H. REDMOND, JR., Appellant.

*Opinion filed January 28, 1972.*

BLACHER, BUCKUN, NELLIS & FAGEL, of Chicago, (WILLIAM J. NELLIS, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General,

and ROBERT A. NOVELLE and HENRY A. HAUSER, Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Cook County found the defendant, Daniel H. Redmond, Jr., guilty of murder, and he was sentenced to imprisonment for not less than 20 nor more than 30 years.

On the evening of March 12, 1967, Richard Morris was working as an attendant in a gas station where the defendant was also employed. At approximately 7:00 P.M. that evening, the defendant drove into the station in a convertible car, accompanied by Miss Janice Gottschalk. Morris filled the tank with gasoline, and the defendant, Morris, and Miss Gottschalk had a friendly conversation. The defendant paid for the gasoline and returned to the car. At that time he pointed a pistol over the top of the car in the direction of Morris. The gun fired and a bullet struck and killed Morris.

At trial the defendant testified that he pointed the gun in the direction of Morris for no reason, and that the gun discharged accidentally when his hand struck a metal bar in the top of the convertible as he pointed the gun at Morris. The State argued that the defendant intentionally fired at Morris.

The defendant contends that his conviction should be reversed and he should be granted a new trial because of the incompetent manner in which his attorney represented him at trial. This attorney was retained by the defendant. While it appears that the attorney consulted one or two other attorneys during the course of the trial, the record does not show that they participated in the trial. The question presented is whether the defendant was deprived of due process of law because of the incompetence of this privately retained attorney. The standard for determining that question is a strict one. An error in judgment or trial

strategy will not establish incompetence. *(People v. Somerville (1969), 42 Ill.2d 1, 5; People v. Clark (1955), 7 Ill.2d 163.)* But "where representation by counsel of defendant's choice is of such low calibre as to amount to no representation at all, or reduces the court proceedings to a farce or a sham, defendant is denied the fair trial contemplated by the due process guarantees of the Federal and State constitutions. *People v. Washington, 41 Ill.2d 16, 22; People v. Green, 36 Ill.2d 349, 351; People v. De Simone, 9 Ill.2d 522, 531; People v. Reeves, 412 Ill. 555, 562-563." People v. Somerville (1969), 42 Ill.2d 1, 5.*

The record shows that defense counsel in this case acted throughout the trial in a manner that is fairly characterized as a complete failure to represent the defendant. We will here set out only two of the many incidents that lead to this conclusion.

The defendant's attorney did not object, either during or after trial, to groundless attacks on his client's character by the prosecution. One example of this occurred during the cross-examination of the defendant's mother when the prosecutor asked her the following questions:

"Do you have personal knowledge that he struck a teacher at that school?"

"Was he, in fact, expelled from that school?"

"Now, as a matter of fact this boy has always been rather lazy around the house, has he not?"

"And, as a matter of fact, this boy was sort of shiftless, was he not?"

"Now are you going to tell the jury that you did not know about your son's conduct in school?"

The prosecutor's questions concerning whether the defendant was "lazy" or "shiftless" were clearly objectionable because they concerned character traits that were not relevant to the crime charged. *(People v. Lewis (1962), 25 Ill.2d 442, 445; People v. Redola (1921), 300 Ill. 392, 397;* Cleary, Handbook of Illinois Evidence (2 ed. 1963), sec. 12.8 at 212; McCormick, Law of Evidence, sec. 158 at

334.) The questions concerning whether the defendant had struck a teacher or been expelled from school were objectionable because the prosecution may not cross-examine a defendant's character witness concerning specific acts of misconduct by the defendant. *(People v. Greeley (1958), 14 Ill.2d 428, 432; People v. Hermens (1955), 5 Ill.2d 277, 286-7; People v. Stanton (1953), 1 Ill.2d 444; People v. Wilson (1948), 400 Ill. 461, 479-80.)* Despite these valid grounds for objection, defense counsel remained silent and allowed the character of the defendant to be improperly discredited by the prosecutor. And while the State argues that the defendant's attorney was competent, it would also justify many groundless assertions and innuendos about the defendant's character on the ground that all objection was waived by that attorney's failure to object.

Defense counsel's closing argument to the jury could at best be deemed to be meaningless. In a totally confusing and incoherent statement counsel intermittently referred to his law practice, the strain on him that resulted from trial, the facts of the case and the defense. In the argument he seems to have abdicated his client's position and admitted his guilt, even though the defendant had never stated or implied such an admission during his testimony. Among the statements made by defense counsel in the closing argument were:

"Well, am I selling someone the defendant's guilt? I think so. Guilty, yes. Sure, guilty. He wasn't faking when he - - when he wouldn't aim that weapon at - - well, Parrish [an assistant State's Attorney]. He wasn't kidding. That wasn't - - that was inside out.
* * *

I am crying for myself. I like being in a one man office, but I am getting off the point.
* * *

You have no idea how much a win, this win,

means to me because I don't think it was murder. I will tell you what murder is. Actually, I am not real sure. I don't think anybody is a murderer.

* * *

They asked me a hundred times what was the defense. I don't know . . . .

* * *

Some of this is just to save a boy from whatever they have in store for him. And I am not crying, he is on a murder indictment. They won't talk anything else, murder or nothing, because that is the kind of a case we got."

Without more, these illustrations are sufficient to show that because of the incompetent manner in which his attorney represented him, the defendant was denied due process of law. Therefore, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial. *Reversed and remanded.*