THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT PERRY, Defendant-Appellant.

(No. 71-64;

Third District—May 26, 1972.

John L. Barton, of Defender Project, of Ottawa, for appellant.

Roland Litterst, Assistant State's Attorney, of Peoria, for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Defendant-Appellant, Robert Perry, was indicted in three counts for armed robbery, aggravated battery with a dangerous weapon, and aggravated battery by inflicting great bodily harm. Each offense grew out of the same incident. The jury found defendant guilty of all three counts. The Circuit Court of Peoria County imposed a sentence of from ten to twenty years on the conviction for armed robbery.

On this appeal defendant argues first the trial court erred in giving instructions regarding reasonable doubt. Second, the evidence was insufficient to support the jury's finding of guilt. Third, that only one judgment of conviction should have been imposed and fourth, the sentence imposed was excessive.

Before considering the assignments of error urged on this appeal it is necessary to discuss and summarize prior review procedures.

After defendant's conviction and sentence by the Circuit Court of Peoria County defendant filed both his notice of appeal to this court and a post-conviction petition under section 122 of the Criminal Code. (Ill. Rev. Stat. 1965, ch. 122.) Hearing was held on defendant's post-conviction petition. The petition was denied and defendant appealed the adverse judgment on the post-conviction petition directly to the Supreme Court as required by section 122—7 of the Criminal Code. (Ill. Rev. Stat. 1965, ch. 38, Sec. 122—7.) During the pendency of the appeal to the Supreme Court defendant's appeal to this Appellate Court was stayed.

The Supreme Court affirmed the trial court's action in the post-conviction proceeding in *People v. Perry*, 47 Ill.2d 402, 266 N.E.2d 330. The facts and evidence are summarized in the Supreme Court opinion and need not be restated here. An analysis of the Supreme Court's opinion reveals that the Court considered the constitutional propriety of one, method of pre-trial identification of defendant, two, seizure of evidence and three, conviction and sentence on two indictments alleging identical facts of armed robbery and aggravated battery.

The bifurcated procedure of reviewing constitutional issues raised in a post-conviction proceeding and non-constitutional errors by appeal from the conviction and sentence creates certain consequences which should be first noted. By affirming the trial court's judgment in the post-conviction proceeding the Supreme Court has not affirmed the judgment of conviction and sentence and the decision of the Supreme Court does not purport to determine the existence or non existence of reversible prejudicial errors not of constitutional dimensions.

■■ The distinction between the constitutional errors resolved by the Supreme Court in its opinion and the issues which we may properly consider on this appeal are vital in order to prevent any misunderstanding of our views since we are quite properly bound to follow the prior determination by the Supreme Court as they may have already determined or affect the errors urged on this appeal.

. Proceeding to discuss defendant's first assignment of error namely that improper instructions were given at the request of the People over defendant's objection, the parties concede and the court agrees that the propriety of instructions was not an issue in the post-conviction proceeding or in the appeal therefrom. Nor is it argued that the errors in instructions complained of on this appeal could or should have been urged in the post-conviction proceeding or that failure to do so in such post-conviction proceeding precludes their consideration on this appeal.

The three instructions complained of as a series were People's 7, 8 and 9. People's Number 7 provided, "In considering the case the Jury are

not to go beyond the evidence to hunt up doubts nor must they entertain such doubts as are merely imaginary. A doubt to justify an acquittal must be reasonable and it must arise from a candid and impartial investigation of all the evidence in the case." People's Number 8 provided, "The Court instructs the Jury as a matter of law that the rule which clothes every person accused of crime with the presumption of innocence and imposes upon the State the burden of establishing his guilt beyond a reasonable doubt is not intended to aid any one who is in fact guilty of crime to escape but is a humane provision of the law intended, as far as human agencies can, to prevent an innocent person from being convicted." People's Number 9 provided, "It is not necessary that the Jury should believe that every incriminating fact or circumstance in evidence before them as been proven beyond a reasonable doubt, but that it is sufficient if the Jury believe from the evidence in the case that every material allegation in the indictment, in manner and form as therein charged, has been proven beyond a reasonable doubt".

Citing *People v. Davis*, 406 Ill. 215, 92 N.E.2d 649, *People v. Casey*, 350 Ill. 522, 183 N.E. 616, *People v. Schuele*, 326 Ill. 366, 157 N.E. 215 and *People v. Klein*, 305 Ill. 141, 137 N.E. 145, the Court in *People v. Cagle*, 41 Ill.2d 528, 244 N.E.2d 200 declares, "This court has repeatedly held that the legal concept of reasonable doubt needs no definition, and that where an involved instruction on that concept is given it may be deemed prejudicial error".

■■ In the case at bar People's instruction Number 7 included the direction that "a doubt to justify an acquittal must be reasonable." In *Cagle, supra*, the Court stated, "It is patent that the controversial instruction No. 2 included not only an elaborate definition of reasonable doubt, but it also implied that the law requires that an acquittal be justified in violation of the elementary precept of our jurisprudence that a man is presumed innocent until proved guilty beyond a reasonable doubt". Not only did the court in *Cagle* believe that the instruction was error but it also held the instruction to be reversible error even though there were other trial errors. Commencing a discussion of the instructional error the court in *Cagle* observes, "A review of this record reveals other reversible trial errors". Following the precedent of *People v. Cagle, supra*, the court in the case at bar committed reversible error in giving the instruction elaborating on the reasonable doubt and consequently the defendant is entitled to a new trial. See also, *People v. Agnew*, 1 Ill.App. 3d 1, 272 N.E.2d 410 and *People v. Manley*, (Ill.App.2d), 272 N.E.2d 411.

■■ Defendant has argued that the evidence is insufficient to support his conviction. In order to avoid any confusion with regard to this issue

we believe it necessary to make some observations. As may be concluded from the facts stated in the Supreme Court opinion the principal issues in this case related to identification and alibi. The Supreme Court concluded that the identification testimony was not rendered incompetent by any out of court procedures. Having concluded that the evidence was competent its credibility was a matter for jury resolution. Absent any trial errors prejudicial to defendant's right to a fair trial there is evidence which if believed by the jury is sufficient to support a conviction.

We do not believe it necessary to consider the other errors urged on this appeal. For the foregoing reasons the judgment of the Circuit Court of Peoria County is reversed and remanded with directions that defendant be granted a new trial.

Reversed and remanded with directions.

SCOTT and DIXON, JJ., concur.