(No. 45286.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ROBERT PERRY, Appellee.

*Opinion filed August 29, 1972.*

SCHAEFER, WARD, and GOLDENHERSH, JJ., dissenting.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT S. CALKINS, State's Attorney, and ROLAND N. LETTERST, Assistant State's Attorney, both of Peoria, for the People.

No appearance for appellee.

PER CURIAM: We allowed leave to appeal from the judgment of the Third District Appellate Court reversing and remanding this cause to the circuit court of Peoria County for a new trial. (5 Ill.App.3d 530.) The facts of this case are known to us and set forth in our opinion in the appeal of the post-conviction proceeding. (*People v. Perry, 47 Ill.2d 402.*) In view of the limited scope of the

appellate court review and its remandment for a new trial on the sole ground that it considered our opinion in *People v. Cagle, 41 Ill.2d 528,* to require such action, we believe no useful purpose would be served by requiring briefs and argument in this case, and its ultimate disposition would simply be delayed.

The given instructions found by the appellate court to require a new trial are as follows:

"[People's Number 7] In considering the case the Jury are not to go beyond the evidence to hunt up doubts nor must they entertain such doubts as are merely imaginary. A doubt to justify an acquittal must be reasonable and it must arise from a candid and impartial investigation of all the evidence in the case.

[People's Number 8] The Court instructs the Jury as a matter of law that the rule which clothes every person accused of crime with the presumption of innocence and imposes upon the State the burden of establishing his guilt beyond a reasonable doubt is not intended to aid any one who is in fact guilty of crime to escape but is a humane provision of the law intended, as far as human agencies can, to prevent an innocent person from being convicted.

[People's Number 9] It is not necessary that the Jury should believe that every incriminating fact or circumstances in evidence before them has been proven beyond a reasonable doubt, but that it is sufficient if the Jury believe from the evidence in the case that every material allegation in the indictment, in manner and form as therein charged, has been proven beyond a reasonable doubt."

That court considered *Cagle* to require a new trial in every instance in which similar instructions were given. In so doing the appellate court has misinterpreted that opinion.

The quoted instructions ought not to have been given. That they were, however, does not alone require a new trial; rather, it is a factor, albeit a substantial one, to be considered in the context of the total case.

We accordingly reverse the judgment of the appellate court and remand the cause to that court for its further

158

consideration of this and other errors alleged to have occurred.

*Reversed and remanded to appellate court, with directions.*

MR. JUSTICE SCHAEFER, with whom MR. JUSTICE WARD and MR. JUSTICE GOLDENHERSH join, dissenting:

Mr. Justice Ward, Mr. Justice Goldenhersh and I are of the opinion that the court lacks authority under its own rules to allow the petition for leave to appeal in this case, and that the petition should be dismissed. See 50 Ill.2d R. 604; *People v. Ritchie (1966), 36 Ill.2d 392, 397.*