The People of the State of Illinois, Plaintiff-Appellee, *v.* Robert Perry, Defendant-Appellant.

(No. 72-258; )

Third District—November 16, 1972.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Robert S. Calkins, State's Attorney, of Peoria, for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Defendant, Robert Perry, was found guilty of armed robbery by a jury and sentenced to a term of from 10 to 20 years in the penitentiary by the Circuit Court of Peoria County. Thereafter defendant instituted a post-conviction proceeding in the Circuit Court of Peoria County. After the presentation of evidence the court denied defendant's application for relief. The defendant appealed the judgment on his post-conviction petition directly to the Supreme Court and at the same time appealed his conviction and sentence to this court. The Supreme Court stayed the appeal proceedings in this court pending its review of the trial court's judgment in the post-conviction proceeding. The Supreme Court in *People v. Perry*, 47 Ill.2d 402, 266 N.E.2d 330, affirmed the trial court's judgment denying defendant's post-conviction petition. The facts are set forth in some detail in the Supreme Court opinion and need not be restated. After the Supreme Court ruled on the propriety of the post-conviction proceedings this court proceeded to consider the pending appeal from the original judgment and in *People v. Perry*, 5 Ill.App.3d 530, 283 N.E.2d 506, we concluded defendant should have a new trial on account of instructional errors. Even though the court agreed the instructions were erroneous the Supreme Court in *People v. Perry*, 52 Ill.2d 156, 287 N.E.2d 129, held the instructional error insufficient to justify a new trial, reversed the decision of this court and remanded the case for consideration of other errors asserted by defendant.

On his appeal to this court defendant made four assignments of error;

(1) the evidence leaves a substantial doubt that defendant was one of the robbers; (2) it was reversible error to instruct the jury so as to shift the burden of proof to the defendant and dilute the defendant's right to the presumption of innocence; (3) the aggravated battery convictions must be reversed because they were committed in order to accomplish the armed robbery for which defendant has also been convicted and (4) the minimum sentence should be reduced in accordance with proper principles of indeterminancy in sentencing and in view of the sentence imposed on the co-defendant, who was more culpable and had a prior felony conviction.

With respect to the second assignment of error namely that relating to instructions, the Supreme Court in reversing our previous decision, has held the error insufficient to require a new trial. None of defendant's other objections to his conviction relate to any additional reasons for granting a new trial and accordingly this assignment of error has been finally determined adverse to the claim of defendant.

With respect to his first assignment of error namely that the evidence is insufficient to support the verdict of the jury, defendant's principal argument is that the identification testimony should be discredited because of the circumstances prior to the in court identification. The impropriety of the identification testimony was one of the principal issues defendant raised in his post conviction petition and the Supreme Court in its affirmation of the trial court's action on the post conviction petition dealt at length with this issue and rejected defendant's claim that there was any unconstitutional infirmity in the identification testimony. Thus the identification testimony was held properly admitted and the issue is no longer arguable. If the identification testimony was properly admitted it is sufficient, if believed by the jury, to justify its verdict.

The Supreme Court also disposed of defendant's third assignment of error when in commenting on this issue it declared, "We find this argument entirely without merit. The record shows unequivocally that the judgment entered by the Trial Judge sentenced the defendant on the jury's verdict of guilty only as to the Indictment charging Armed Robbery." *People v. Perry*, 47 Ill.2d 402, 266 N.E.2d 330.

Defendant's last assignment of error relating to the propriety of the sentence is likewise without merit. As will be seen from the opinion of the court in *People v. Perry*, 47 Ill.2d 402, 266 N.E.2d 330, the Court concluded the sentence did not violate any constitutional right of the defendant. Even though the propriety of a sentence may not necessarily depend on constitutional principles thus leaving an issue for consideration by this court not determined by the Supreme Court in its previous

opinion, we nevertheless conclude the sentence is neither excessive nor violative of any principle relating to indeterminate sentences. For the foregoing reasons the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

SCOTT and DIXON, JJ., concur.