THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN J. ROONEY, Defendant-Appellant.

(No. 73-125;

Fifth District—January 31, 1974.

Paul Bradley, Deputy Defender, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville (James W. Jerz and Martin P. Moltz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of St. Clair County dismissing appellant's post-conviction petition alleging incompetence of his trial and appellate counsel. Appellant was convicted of murder in a jury trial in 1966 and was sentenced to the penitentiary for a term of 50 to 99 years. His conviction was affirmed on direct appeal to this court in *People v. Rooney*, 91 Ill.App.2d 46. We found that the evidence wholly failed to support his contention that he acted in self-defense, and, based on this conclusion, we held that the trial court did not err in refusing to give defendant's tendered instructions on self defense or in refusing to admit testimony relative to the general reputation of the decedent for being a violent, dangerous and quarrelsome person.

■■ Appellant recognizes the general rule that where an appeal is taken from a conviction the judgment of the reviewing court is res judicata as to all issues actually raised, and that those issues that could have been presented but were not, are deemed waived. (*People v. French*, 46 Ill.2d 104; *People v. Derengowski*, 44 Ill.2d 476.) However, he contends, and we agree, that the doctrine of waiver should not bar issues from consideration under the Post-Conviction Hearing Act where the failure to raise them on appeal was due to the incompetency of counsel. *People v. Frank*, 48 Ill.2d 500; *People v. Brown*, 39 Ill.2d 307.

Appellant argues that his counsel's incompetence is clearly demonstrated by the fact that he restricted his direct appeal to the two issues decided by the court instead of also raising issues which in other cases have been held to be grounds for reversal, *viz.*, (1) that the court erred in giving an instruction defining reasonable doubt; (2) that the State was permitted to elicit testimony from arresting officers that defendant had exercised his right to remain silent; (3) that defendant was improperly impeached during cross-examination by the introduction of evidence of a prior crime; and (4) that the trial court failed to give the jury an instruction and a form of verdict on the lesser, included offense of voluntary manslaughter. He also contends that his trial counsel was incompetent in not objecting to the reasonable doubt instruction, in not objecting to the introduction of the prior conviction, in not moving for a change of venue due to publicity, and in not making an opening statement;

and that since the same attorney represented him in both the trial and appellate courts his incompetence at the trial cannot be deemed waived for failure to raise this issue on appeal.

As recognized in *People v. Frank,* 48 Ill.2d 500, counsel has no obligation to brief every conceivable issue on appeal, nor is it incompetence for counsel to refrain from raising those issues which in his judgment are without merit, unless his appraisal of the merits is patently wrong. In the light of this rule we shall examine appellant's charges of incompetence of his counsel.

■■ First we consider appellant's contention that an accused has a right to remain silent and that since the exercise of that right has no tendency to prove or disprove the charge against him the admission of testimony as to his refusal to make a statement constitutes reversible error. (*People v. Rothe,* 358 Ill. 52; *People v. Lewerenz,* 24 Ill.2d 295; *People v. Lampson,* 129 Ill.App.2d 72.) Here, the prosecutor, over objection of defense counsel, was allowed to ask the sheriff what defendant said to him when he was arrested, to which the sheriff replied, "He did not answer any of my questions." To a further question, "You asked him questions and he refused to answer, right?", the sheriff responded, "That is right." We consider these questions improper in the light of the above cited authorities and we believe that they should have been stricken as requested by defense counsel. However, we do not consider them prejudicial to the point that they would require a reversal. They represent two isolated questions and answers and do not represent an attempt by the State to prove or imply guilt by showing that defendant refused to make any explanation or even protest his innocence. Actually, defendant waited for the police at the scene of the shooting, handed over his gun to the police, announced that he had shot a man, and volunteered that he had fired his gun six times. The only evidence submitted to the jury relative to the shooting itself was that of the defendant. Upon his story alone he stood convicted, and the two questions and answers neither added to nor subtracted from the overwhelming evidence of his guilt, nor did they in any way tend to reasonably affect his trial. Under such circumstances we find the error to have been harmless. (*People v. McVet,* 7 Ill.App..3d 381; *People v. Novak,* 84 Ill.App.2d 276.) No more could be asked of trial counsel than that he object and ask that the questions and answers be stricken, which he did. On appeal he chose not to raise the issue again, but we consider this not as an indication of incompetence but rather as an awareness on his part of the issue's lack of merit and its unimportance to his client's total case before the court of review.

■■ Appellant next claims that he was improperly cross examined about

a prior conviction for robbery. He contends that this was highly prejudicial and constituted reversible error, citing *People v. Flynn,* 8 Ill.2d 116; *People v. Cassman,* 10 Ill.App.3d 301. We do not dispute this principle but we call attention to the further statements in each of said cases that a prior conviction may be shown to affect a defendant's credibility if properly done by the introduction of the record of such conviction or an authenticated copy thereof. It has also been specifically held that an improper cross examination on this subject is cured by a subsequent introduction of the record of conviction. (*People v. Neukom,* 16 Ill.2d 340; *People v. Harter,* 4 Ill.App.3d 772; *People v. Hyde,* 1 Ill.App.3d 831; *People v. Headrick,* 65 Ill.App.2d 169.) Here, immediately upon the start of the question by the prosecutor, trial counsel objected and his objection was sustained. Thereafter, a certified copy of the record of defendant's prior conviction was offered and admitted into evidence without objection. It appears obvious that appellant's contention here is not well taken and that again trial counsel's competence and not his incompetence was clearly demonstrated. And his choice not to include the issue on appeal merely indicated his recognition of the fact that the issue lacked merit.

Appellant complains further that trial counsel did not see fit to request that an instruction be given on the lesser, included offense of voluntary manslaughter, and that he did not have a form of verdict for manslaughter submitted to the jury. It is also contended that the trial court at least should have done so on its own initiative. This question has been the subject of much debate and there appears to be no overall binding rule, for each case depends upon its individual facts. In *People v. Taylor,* 36 Ill.2d 483, Justice Schaefer commented as follows:

> "When the evidence will support [a charge of murder or a lesser included offense of manslaughter] and the prosecution does not tender an instruction on the lesser offense, the defendant has a choice, subject to the judge's authority to instruct *sue sponte* [*sic*], of submitting one or both instructions. Different views have been expressed as to the consequences of submitting both instructions. It has been said that 'merciful, or weak jurors may disregard even overwhelming proof of culpability and acquit entirely or convict of a lower crime than the evidence reflects.' * * * It has also been said that to give both instructions 'is apt to induce a doubtful jury to find the defendant guilty of the less serious offense rather than to continue the debate as to his innocence.'
>
> It may be that more accurate results would be obtained if the trial judge was required to instruct as to both the greater and the lesser offenses whenever the evidence would sustain either

verdict, and in some jurisdictions such a requirement has been imposed by statute or by decision. * * * But we are not sufficiently persuaded that we are willing to eliminate by judicial decision an established procedure that has long been considered to operate for the benefit of those accused of crime. We therefore adhere to our present procedure and hold' that the trial judge did not err in failing to give a manslaughter instruction on his own initiative."

In both of the cases cited by the appellant in support of the proposition that a manslaughter instruction should be given (*People v. Brown*, 415 Ill. 23; *People v. Harris*, 8 Ill.2d 431), the instruction was given at the request of the State and on appeal of convictions for the lesser offenses the defendants contended that the court erred in giving the instuction. In *Brown* the defendant contended that he was guilty of murder or he was innocent by reason of a total suspension of his reasoning powers due to his intoxication and drug addiction. The court found, however, in the light of the conflicting medical testimony in the record, that the jury was justified in returning a manslaughter conviction and that the giving of the instruction was not error. In *Harris* the defendant contended that the killing was committed in self-defense or was accidental and that she should not have been subjected to the possibility of a verdict of manslaughter. The court held, however, that it was not error to have given the instruction because from the evidence it was clear that within just 15 minutes prior to the shooting the decedent had beaten defendant so severely that it was entirely possible that the killing could have resulted from an irresistible impulse on the part of defendant before his passion had cooled and before his voice of reason had returned, and that therefore the giving of the manslaughter instruction was not error.

In *People v. Newman*, 360 Ill. 226, it was held that where the evidence is such that it admits of but one of two conclusions, either that defendant is guilty of murder or is innocent under the law of self-defense, the giving of an instruction and form of verdict on manslaughter is improper, and where given at the request of the People the error requires a reversal of the judgment if the accused be found guilty of the lesser crime.

In the case before us neither the State nor defense counsel requested a manslaughter instruction. We assume that both parties were of the opinion that the facts justified either a verdict of guilty of murder or one of acquittal on the grounds of self-defense, and that there was no middle ground. From the record we would tend to agree with this assessment. Defendant's actions were calm and' deliberate throughout the shooting, and he joined with his counsel throughout the trial in the

contention that he was justified in doing what he did. As stated in *People v. Taylor, supra,* it was his choice to make as to whether to give an instruction on manslaughter and thereby to risk the possibility of inducing a doubtful jury to find him guilty of the lesser offense rather than to continue to debate as to his innocence. The choice being his and being designed for his benefit it can hardly be said that in following defendant's lead his counsel was incompetent either in the trial or appellate courts nor can the trial judge be found wanting in failing to give a manslaughter instruction on his own initiative. In fact, it is only through the benefit of that great faculty of hindsight that defendant's present counsel can be so positive that the instruction should have been given, at somebody's request. However, it would be interesting to speculate if the instruction had been given and defendant had been convicted of manslaughter would counsel now be making the contrary contention and, again with the benefit of hindsight, would he be questioning the propriety of giving the instruction. We find that under the circumstances of this case neither counsel nor the trial court can be subjected to criticism for their judgment in failing to request or give a manslaughter instruction.

■■■ Appellant next contends that the mere giving of an instruction on reasonable doubt constitutes reversible error and that his counsel was remiss both at his trial for not objecting to the instruction and on his appeal for not raising the issue. This contention would seem to be supported in *People v. Cagle,* 41 Ill.2d 528; *People v. Agnew,* 1 Ill.App.3d 1, and in *People v. Glispie,* 1 Ill.App.3d 859. However, our Supreme Court in *People v. Perry,* 52 Ill.2d 156, has recently answered this question and has specifically stated that such view is erroneous in that it arises out of a misinterpretation of *Cagle.* The court stated that the submission of such an instruction, though improper, does not alone require a new trial, but rather it is merely a "factor, albeit a substantial one, to be considered in the context of the whole case." It then reversed and remanded the appellate case which it was reviewing with directions to the appellate court to reconsider the case in its totality. In the case before us the State argues that in the context of the whole case the instruction was not prejudicial because appellant's guilt was so overwhelmingly established that no different result could have been reached whether or not said instruction had been given. We agree. In our decision on direct appeal we found the evidence of defendant's guilt so strong and so convincing that even his claim of self-defense was rightfully precluded from consideration of the jury. A defendant is entitled to a fair trial but not a perfect one and to prove a charge of incompetence of counsel there must be a showing of substantial prejudice re-

sulting therefrom without which the outcome of the trial would probably have been different. (*People v. Morris*, 3 Ill.2d 437.) Under the circumstances here we find that defendant was not prejudiced by the giving of said instruction and that the failure of his counsel to object to it at the trial or to include it as an issue on appeal did not demonstrate such incompetence as to constitute a denial of defendant's right to due process.

■■ Finally, defendant argues that trial counsel should have moved for a change of venue due to the publicity attendant upon the case and that he was negligent in not making an opening statement. We have found no basis for either of these charges and find them to be without merit. The charge that publicity may have affected the outcome of the trial is purely gratuitous for there is no indication in the record that publicity had anything to do with or was even considered during the trial. And choosing to make or waive an opening statement in behalf of a defendant is simply a question of judgment in strategy, and if counsel chooses to forego making such a statement it certainly cannot be said to be a reflection on his professional competence. *People v. Georgev*, 38 Ill.2d 165.

In conclusion we note that from the very beginning the State's case against defendant was exceedingly strong leaving little room for any effective defense. In the face of these circumstances the record shows that counsel proved himself to be not only able and competent but only truly interested in and protective of his client's rights. The present attempt to attribute defendant's conviction to incompetence of counsel is unwarranted.

Accordingly, the judgment of the Circuit Court of St. Clair County dismissing appellant's petition for post-conviction relief is affirmed.

Affirmed.

MORAN, P. J., and EBERSPACHER, J., concur.