THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES C. AUSTIN, Defendant-Appellant.

(No. 73-297; Affirmed

Second District—November 21, 1974.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, Deputy Public Defender, of counsel), for appellant.

John J. Bowman, State's Attorney, of Wheaton, (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

In a jury trial herein the defendant was found guilty of the unlawful delivery of cannabis, in violation of section 5(d) of the Cannabis Control Act (Ill. Rev. Stat. 1971, ch. 56½, par. 705(d) ) and was found guilty of the unlawful possession of cannabis, in violation of section 4(d) of the Cannabis Control Act (Ill. Rev. Stat. 1971, ch. 56½, par. 704(d)). The defendant was sentenced to a term of 1-3 years, the sentence to be served concurrently with an unexpired Federal sentence previously imposed upon the defendant for conspiracy and unlawful possession of cannabis.

The first contention of the defendant is that he was not proven guilty beyond a reasonable doubt. Secondly, the defendant contends that he was denied due process of law because of the ineffective representation of his privately retained counsel. Thirdly, the defendant contends that the introduction of a hashish pipe into evidence was evidence of another crime and improper and that the court erred in allowing the introduction of the pipe. Lastly, the defendant contends that the court erred in entering judgment on both offenses, one being a lesser included offense, namely possession of cannabis.

On March 1, 1972 one James Thon, an informer, went to the police department of the Village of Addison and informed the police that an illegal sale of hashish was about to take place. A controlled buy was arranged by the police. Eight hundred dollars in marked currency was obtained by the police. After being strip-searched by the police, the informer Thon went to a hippie-type store called "Closer To Home" in Addison with the marked money for the alleged purpose of making the purchase of hashish. The store was staked out by the Addison police. When Thon exited the premises he was immediately arrested, handcuffed, and searched. On his person was found approximately 91 grams of hashish and $500 of the marked currency. The police entered the premises and arrested the five occupants of the store. The five occupants were searched and the defendant, James C. Austin, was found to have $295, of which $290 was the marked currency, on his person as well as a hashish pipe. Ten dollars of the marked currency was found in the cash register.

Steven Ciampi, one of the proprietors of the store "Closer To Home" testified on behalf of the State. He testified that James Thon, whom he identified by his voice on the telephone, called him and asked if he could purchase a pound of hashish. Ciampi told Thon that he would see what he could do and later advised Thon that he could only get one-quarter of a pound of hashish. Ciampi testified that on the day in

question the defendant, James C. Austin, brought 91 grams of hashish to the store.

The hashish was taken to the washroom in the "Closer To Home" store where, after receiving the marked currency from Thon, Ciampi gave defendant, James C. Austin, $290 of the marked currency, together with an additional unmarked $5 bill, in exchange therefor. Ciampi retained $5 for his efforts, for which he had made change of the marked $10 bill found in the cash register to obtain two $5 bills. The defendant left the washroom and was in the store proper when the arrest was made. The informer, James Thon, did not testify. Both the State and defense counsel attempted to have him available to no avail.

The defendant's first contention, that he was not proven guilty beyond a reasonable doubt, is based primarily on the contention that the only evidence against the defendant was that of the alleged accomplice, Ciampi. Counsel overlooks the fact that the defendant, James C. Austin, was in possession of the marked currency at the time of his arrest. We have examined the record carefully and we do not agree with defense counsel that the testimony of Ciampi was contradictory. While it is true that there were some inconsistent statements made, the basic contention of Ciampi, at the time of his apprehension, in his statement to the police, in his testimony before the Grand Jury which was brought out by defense counsel, and in the testimony at trial, was substantially the same.

The defendant took the stand and testified in his own behalf. He testified that he was in need of money and that Steven Ciampi, an acquaintance whom he knew casually, agreed to loan him the money. He testified that he went to the "Closer To Home" store, that he and Ciampi went into the washroom where Ciampi gave him the $295 in what turned out to be marked currency and that the same was a loan. This explanation was presented to the jury and it was the province of the trier of fact to determine whom they wished to believe, to-wit, the defendant who allegedly borrowed the money or the police officers who gave the marked money to the informer who, in turn, gave it to Ciampi who, in turn, gave it to the defendant. The question being whether the jury believed the defendant who said he borrowed it or whether they believed that he obtained the money in exchange for the hashish. As the court stated in *People v. Pagan* (1972), 52 Ill.2d 525, 534, 288 N.E.2d 102, the judgment of the trier of fact will not be set aside on review unless the proof of guilt is so unsatisfactory as to create a reasonable doubt as to the defendant's guilt. As in *Pagan* we do not find the proof so unsatisfactory as to require a reversal, and we are satisfied, from careful review of the record, that there was sufficient evidence of defendant's guilt.

Defendant next complains of the alleged ineffective representation of his privately retained counsel. Trial strategy at times may well be confused with alleged incompetence. In the case before us the testimony was quite clear that the defendant entered the premises in question, that an exchange of hashish took place in the premises and the defendant was apprehended shortly thereafter with the money on his person. It may well be that the strategy employed by trial counsel in this case may have been carefully thought out. Particularly is this true with regard to the admission of hearsay evidence which in no way prejudiced the defendant. Defendant also contends that an accomplice instruction should have been given to the jury and that it should have been brought out at the trial that Ciampi was, in fact, an accomplice. This, too, may have been trial strategy on the part of defense counsel. Ciampi had already been sentenced to 1 year's probation for his part in the proceedings and it may well be that counsel did not want this in evidence and for that reason did not want an instruction involving Ciampi as an accomplice to a crime allegedly committed by his client, which he denied.

The cases involving incompetence of counsel are legion in number. In *People v. Georgev* (1967), 38 Ill.2d 165, 169, 230 N.E.2d 851, 854, court appointed counsel failed to tender a cautionary instruction relative to accomplice testimony. Nonetheless, the supreme court affirmed, stated, quoting from *People v. Cox* (1961), 22 Ill.2d 534, 537-8, 177 N.E.2d 211, 213:

> " '* * * The question of whether a defendant was adequately represented by competent counsel must be answered solely from the circumstances of each particular case (*People v. Francis,* 356 Ill. 74); and in order to sustain his position the defendant must clearly establish actual incompetency of counsel and substantial prejudice resulting therefrom, without which the outcome would probably have been different. *People v. Morris,* 3 Ill.2d 437.' " (38 Ill.2d 165, 169.)

We agree with that holding and find that in the case before us the absence of the cautionary instruction relative to an accomplice would not, and did not, affect the verdict of the jury based upon the testimony adduced in this trial. Or, as the supreme court stated in *People v. Redmond* (1972), 50 Ill.2d 313, 314-15, 278 N.E.2d 766, 767, "An error in judgment or trial strategy will not establish incompetence." The court then went on to cite the oft repeated statement that " 'where representation by counsel of defendant's choice is of such low caliber as to amount to no representation at all, or reduces the court proceedings to a farce or a sham, defendant is denied the fair trial contemplated by the due process guaranties of the Federal and State constitutions. [Citations.]' "

(50 Ill.2d 313, 315.) In Redmond, in fact, the court did find that the conduct of the trial counsel was such therein as to deprive the defendant of due process.

■ In *People v. Somerville* (1969), 42 Ill.2d 1, 245 N.E.2d 461, the defendants therein complained of the incompetency of their privately retained counsel. In considering this question, the court held that incompetency of privately retained counsel therein was not established because retained counsel failed to object to inadmissable evidence or failed to move to suppress certain evidence and made other errors of judgment or trial strategy. From the examination of the record as a whole herein we cannot say that defendant's representation by his privately retained counsel was so inadequate as to violate the standards laid down for private counsel.

Defendant next objects to the admission of the hashish pipe into evidence. At the time of trial defense counsel objected strenuously to the admission of this item and the same was admitted. As counsel for the State points out, the defendant was charged with the possession of cannabis, and the hashish pipe, as stipulated to, bore evidence of having been used for the purpose of smoking hashish as cannabis resins were found thereon. The court properly admitted this as being in evidence of possession of cannabis or cannabis resins and as such was a part of the *res gestae* of possession of the same, to-wit, cannabis. We do not believe that the jury would consider this as a separate offense nor do we believe that it would be considered as evidence of a propensity towards the use of cannabis on the part of the defendant. We find that the same was admissible.

■■ It is to be expressly noted that the defendant was sentenced to 1-3 years, the sentence to be served concurrently with a Federal conviction of conspiracy and possession of narcotics imposed by the Federal court. However, the sentence on the possession of cannabis, being a lesser included offense of the offense of delivery of cannabis, is improper. The conviction and sentence for possession of cannabis is therefore vacated.

The conviction and sentence is affirmed as to the delivery of cannabis; the sentence as to the possession of cannabis is vacated.

Affirmed in part; vacated in part.

T. MORAN, P. J., and SEIDENFELD, J., concur.