THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY JACKSON, Defendant-Appellant.

First District (1st Division)   No. 61713

Opinion filed May 31, 1977.

Lawrence S. Galka, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE BUA delivered the opinion of the court:

Larry Jackson, defendant, was found guilty by a jury of armed robbery. (Ill. Rev. Stat. 1971, ch. 38, par. 18—2.) He was sentenced to the penitentiary for a term of four years to six years.

After notice of appeal was filed in April 1975, defendant was admitted to bail during pendency of this appeal. Defendant at that time was represented on appeal by privately retained counsel. In July 1976, this court dismissed the appeal for want of prosecution. In October 1976, another privately retained attorney filed a motion to substitute as counsel and to reinstate the defendant's appeal. We allowed that motion, reinstated the appeal and allowed defendant's appeal bond to remain in effect.

Substituted appellate counsel has filed a motion for leave to withdraw on the ground that, after consideration of the record and consultation with trial counsel, no issue exists upon which the appeal may be based. At the direction of this court, substituted 'counsel has also filed a brief in support of the motion to withdraw, pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, in which counsel advances a single matter which could be raised in support of the appeal but which he concludes is without merit and unsupportive of the appeal: whether trial counsel was incompetent for failure to move to suppress the complaining witness' lineup identification and to object to evidence relating to defendant's automobile license plates. A copy of the motion was sent by this court to defendant, and he was allowed ample time to file any points he desired in support of the appeal. Defendant's present

counsel has informed this court that he advised defendant that he might seek another attorney to represent him. Defendant has not responded.

The complaining witness testified that on June 10, 1973, she was a saleslady in a bakery located in the 3900 block of West 31st Street in Chicago. About 11 a.m. on that date she waited on a man, identified by the witness at trial as the defendant. As the witness was recording her sale by the cash register, the defendant stood nearby with a gun and demanded money. The witness related that she looked to the rear of the shop where another salesperson was working, but defendant threatened to kill the witness if she said anything. A customer across the counter then spoke, and defendant turned, jumped over a counter and ran from the store, almost knocking down this customer. The complaining witness called the police and, upon their arrival at the scene, gave them a detailed description of the assailant. The complaining witness related that defendant took about $268 in the robbery and had been inside the well-lighted shop about five minutes.

She also related at trial that on June 16, 1973, she viewed a lineup, from which she identified the defendant as the assailant. The witness identified at trial two photographs as accurately depicting the lineup. Defense counsel stipulated that defendant had participated in the lineup and was identified by the complaining witness, and counsel expressly stated "no objection" to the introduction of the lineup photographs into evidence.

The store customer during the robbery testified that she observed the defendant from a clear vantage point, standing in front of the cash register. She observed him reach into the register, remove a handful of money and rush past her. Defendant was holding a black object in his hand, which the witness was unable to identify as a gun.

Police Officer Herbert Wehrs, who initially investigated the incident at the scene, recalled the description given to him of the assailant and other incidentals of the investigation, which varied somewhat from that testified to by the two eye-witnesses. He also stated that he later investigated a vehicle license plate number which was registered to "Mr. Jackson."

Police Officer Joseph Solomon, who pursued the follow-up investigation of the offense, testified that the license plate number obtained by Officer Wehrs was registered to defendant at a Chicago address. He spoke to defendant's mother at that address on June 12, 1973, and was told that he lived at another address on West 82nd Street in Chicago. Upon further investigation, Officer Solomon did not find defendant, but he did locate defendant's car which was towed to the police pound. Defendant voluntarily contacted the witness on June 16, 1973, was placed in a lineup on that date and was identified by the complaining witness as the assailant. Officer Solomon further related that

police records showed that defendant filed a complaint at 11:52 a.m. on June 10, 1973, concerning the theft of his vehicle license plates. A police vehicle was dispatched to the address on West 82nd Street at 11:54 a.m. and returned about one hour later. The officer further testified that he drove the route from the place of the robbery to the defendant's address on West 82nd Street, under conditions similar to those prevailing at the time of the robbery, and that the 40-block trip took about 15 minutes. It was also determined that defendant had purchased a handgun from a suburban gun shop a few days before the incident.

Defendant's case consisted of his testimony and that of his brother. About 10 a.m. on June 10, 1973, defendant was visited by his brother and his cousin at the West 82nd Street address. Defendant at that time was clad in a robe. His brother and cousin wished to look at defendant's car parked outside, and about 11 a.m. his brother noticed that the license plates were missing. Defendant was so informed, and sometime about 11:30 or 11:35 a.m. he telephoned the police to report that the plates had been stolen. A police officer later arrived to investigate the theft. Defendant denied commission of the robbery in question.

■■ The foregoing summary of the evidence demonstrates that the lineup at which the complaining witness identified the defendant as the assailant was proper. Further, defense counsel stipulated to the results of the lineup and offered no objection to admission into evidence of the lineup photographs. Moreover, apart from whether defense counsel should have moved to suppress the lineup identification, the record demonstrates that the complaining witness' in-court identification had a basis apart from her identification at the lineup. She had observed defendant in the bakery shop at close range and in good light for a period of five minutes, and she related at trial that she would "never forget that face." Defense counsel's failure to move to suppress the lineup identification was not improper, and in any event, the complaining witness' in-court identification was based upon observations independent of the lineup identification. (*People v. Camel* (1974), 59 Ill. 2d 422, 322 N.E.2d 36.) We are in agreement with appellate counsel that an issue raised on appeal in this regard would be without merit.

■■ We further agree with appellate counsel that trial counsel's failure to object to the police officer's testimony concerning the circumstances relating to the license plate registration was trial strategy and certainly not tantamount to incompetency of counsel. Defendant claimed that he did not perpetrate the instant offense and, by inference, claimed that the person who stole his license plates committed the offense. Since the defense revolved around the alleged theft of the plates, it would have been an empty gesture for defense counsel to have objected to the officer's initial testimony concerning the plates.

There is sufficient evidence to sustain the conviction. And the record does not demonstrate incompetency on the part of defendant's privately retained trial counsel. Compare *People v. Redmond* (1972), 50 Ill. 2d 313, 278 N.E.2d 766.

We have examined the record in this case and have found no other matter which could arguably support the appeal. Accordingly, the motion of appellate counsel for leave to withdraw is allowed, and the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.