THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM B. BOLES, JR., Defendant-Appellant.

Fifth District    No. 79-36

Opinion filed May 14, 1980.

John H. Reid, of State Appellate Defender's Office, of Mt. Vernon, and E. Joyce Randolph, research assistant, for appellant.

Edward C. Eberspacher, State's Attorney, of Shelbyville (William S. Zale and Christopher S. Carroll, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

The defendant, William B. Boles, Jr., was convicted and sentenced to a term of 35 years' imprisonment after a jury trial in the circuit court of Shelby County. The charge by information accused Boles of the murder of Cecil Durbin under section 9—1(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 9—1(a)(2)). On appeal, defendant argues that he was denied the effective assistance of counsel and that the sentence imposed upon him was excessive in light of mitigating circumstances. We affirm the decision of the circuit court.

On the afternoon of June 17, 1978, Boles was drinking with two companions, James Shellenbarger and Clinton G. Miller, and the victim at

the Route 16 Tavern in Pana, Illinois. The defendant had been consuming beer off and on during the day and left the tavern at approximately 4 p.m. with Durbin, Shellenbarger and another man, Richard Waltz, whom Boles had agreed to drive home. Much testimony was elicited by both sides concerning the defendant's intoxication, examining motor and speech capacity, and his capacity to form the sufficient intent required to commit the crime charged. Boles drove Waltz to his home and headed for the trailer home of his fiancee, whom they intended to join for dinner along with Durbin's wife.

During the journey, while headed in a generally southerly direction toward the village of Herrick along a rural road known as the Herrick-Oconee Blacktop, the victim was seated in the front seat with Boles driving and Shellenbarger in back. An argument ensued and the victim grabbed Boles by the neck, choking him, while the car was still in motion. Shellenbarger came to the defendant's aid, freed him from the victim's grasp by striking Durbin, and left Durbin in a semiconscious state. Boles stopped the car during this process. He then dragged Durbin from the seat to a nearby ditch, beating, kicking and choking the man for a period of approximately eight minutes. An autopsy revealed that he suffered a broken larynx and breakage of several ribs, while death resulted from abdominal hemorrhaging. At no time, following the blow by Shellenbarger which disabled him, did the victim offer any resistance to the attack.

Following the beating, Boles and Shellenbarger could not start the automobile the parties had been using and received a ride from a passerby. While still intoxicated, the defendant, a truck driver by trade, drove his semi-tractor back to the scene accompanied by his fiancee. While there, she suggested that they get medical help for Durbin. Boles disagreed and this was not accomplished until later in the evening, at her instance, by which time the victim had died.

■■ Appellant contends that since his privately chosen counsel did not submit a jury instruction concerning the lesser offense of voluntary manslaughter, where the evidence would have supported such, he was denied effective assistance of counsel. The validity of such allegations must be determined against the following standard recently discussed by our supreme court:

> "A strict test is applied in determining whether privately retained counsel is incompetent:
>
>> 'In such a case the court will not reverse a conviction because of the incompetency of counsel unless the representation is of such a low caliber as to amount to no representation at all or reduces the court proceedings to a farce or sham.' *People v. Torres* (1973), 54 Ill. 2d 384, 391.

See also, *e.g.*, *People v. Redmond* (1972), 50 Ill. 2d 313, 315; *People v. Washington* (1968), 41 Ill. 2d 16, 22."

(*People v. Murphy* (1978), 72 Ill. 2d 421, 436, 381 N.E.2d 677.) The record herein reveals that counsel on both sides, throughout the proceedings, acted in a manner which was far from incompetent; quite to the contrary, the defense presented a vigorous and thorough response to the State. Failure to submit an instruction on manslaughter was clearly a matter of judgment, discretion, and trial tactic. Competency of counsel will not be reviewed on the basis of these matters. (*People v. Newell* (1971), 48 Ill. 2d 382, 387, 268 N.E.2d 17; *People v. Turner* (1976), 36 Ill. App. 3d 77, 81, 343 N.E.2d 267.) The defendant clearly alluded to this strategic decision in its closing statement to the jury. The remarks of counsel leave no doubt that he was aware of alternative courses and chose to base his defense on issues of capacity and intent, hoping for an outright acquittal rather than conviction for a lesser offense. See *People v. Rooney* (1974), 16 Ill. App. 3d 901, 907, 307 N.E.2d 216, *cert. denied* (1974), 419 U.S. 1025, 42 L. Ed. 2d 300, 95 S. Ct. 503.

■ Finally, appellant argues that his sentence of 35 years' imprisonment was excessive. As to the factors in mitigation and aggravation, there was no strong provocation indicated by the record which would tend to justify the form of conduct here involved. Though Boles' history of criminal activity is quite limited, it does involve violence of the same nature, and the brutality engaged in here must be considered along with a demonstrated propensity for such behavior. We find that the record presents no evidence which would overcome the rebuttable presumption that the sentence of the trial judge was properly imposed. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—4.1; *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670.) Neither does such a sentence fail by the terms of *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882, under the rule that absent an abuse of discretion the sentence of the trial court may not be altered on review.

Judgment affirmed.

SPOMER and KASSERMAN, JJ., concur.