(No. 36638.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CHARLES E. HARPER, Appellant.

*Opinion filed January 28, 1972.*

WARD, J. took no part.

ALFRED E. DOLNICK, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney of Chicago, (ROBERT A. NOVELLE and STEPHEN R. KRAMER, Assistant State's Attorneys, of counsel,) for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In four separate indictments, the defendant, Charles E. Harper, was indicted in the circuit court of Cook County for the rape and robbery of Annette Bibbs and the rape and robbery of Berdina Norwood. He entered a plea of guilty to each of the Bibbs indictments and was sentenced to a term of twenty years imprisonment on the rape indictment and a term of fifteen to twenty years imprisonment on the robbery indictment. He entered pleas of not guilty on the two Norwood indictments. After a bench trial, he was found not guilty of the rape charge but was found guilty of the robbery charge and sentenced to a term of twenty years to twenty years and one day imprisonment in the penitentiary. The sentences were to run concurrently. These causes are consolidated on appeal.

Defendant contends: (1) That the trial court rendered inconsistent verdicts in finding him not guilty of rape but guilty of robbery of Berdina Norwood; (2) that he was improperly sentenced to determinate sentences; and (3) that the imposition of separate sentences for the rape and robbery of Annette Bibbs was improper since both crimes arose out of the same course of conduct.

The stipulation of facts appearing in the record

establishes that Annette Bibbs would testify that on the date alleged, "at approximately 10:30 P.M., she was in the vicinity of 63rd and Ingleside, walking down the street, when the defendant came up to her, put his arm around her neck and told her to come with him. He told her to walk into a gangway. They went into the gangway and then he told her to go into some alley. The defendant at this time and at all times hereafter had a knife on her. He said to her, 'I want some more trim.' So, Mrs. Bibbs laid down, he got on top of her, had sexual intercourse with her. When he got through, she had $4.00 on her person that the defendant took from her and also her wedding rings. He left running through the alley. Also stipulate that when the defendant was arrested, he admitted to these above facts and said that he pawned the rings at a pawn shop at 63rd and Cottage. The rings were recovered from that pawn shop and identified by Mrs. Bibbs. The rings and money were her property. Mrs. Bibbs is a married woman living with her husband and has four children. All this happened in Chicago, Cook, State of Illinois. Defendant is thirty-two years of age."

The Norwood incidents occurred one week later. At the trial, Berdina Norwood testified that at approximately 11:00 P.M., she entered a tavern located at 63rd and Ingleside in Chicago, Illinois, where her cousin worked as bartender. While sitting at the bar she was approached by the defendant who offered to buy her a drink which she refused. Some time thereafter, her cousin asked her to " run up" to his hotel to get his jacket since he was going to close the tavern in a short while. Mrs. Norwood left the tavern and walked to her cousin's hotel located approximately one-half block from the tavern, unaware of the fact that defendant had followed her. She entered the hotel and secured the key to her cousin's fourth floor room from the hotel manager. While at the desk she first noticed defendant's presence in the hotel. When she got on the elevator, the defendant also got on. They both got off at

the fourth floor. As she was putting the key in the door to enter her cousin's room, the defendant stuck a knife at her throat, shoved his way in the room and asked if she had any money. She answered no. Whereupon he forced her to remove her clothing and submit to intercourse with him. Thereafter, he took her watch and rings and made a demand for more money. After a discussion as to whether she would be able to identify him to the police, he threatened to kill her. A struggle ensued in the course of which she received cuts on six of her fingers. Mrs. Norwood was eventually able to run from the room where she was helped by a lady in a nearby room.

She then telephoned her cousin who came to the hotel and took her to the hospital for treatment. The police were called and she was taken by them to the police station where she reported the events which had earlier occurred. The police later took her to several taverns in an attempt to find the defendant. The defendant was subsequently apprehended by other police officers and taken to the police station where he was identified by Mrs. Norwood. She also identified her watch which was found on his person.

Two Chicago police officers testified that they had toured the area with Mrs. Norwood in an attempt to find the defendant. One of the officers who questioned the defendant at the police station found a wrist watch in the breast pocket of the defendant's suit coat. During their questioning of the defendant, he denied having seen Mrs. Norwood earlier that night, but after further questioning admitted that he had seen her at the hotel. The defendant also denied taking the watch and had no explanation as to how it got in his pocket.

Testifying in his own behalf, defendant stated that he was having a drink in the tavern when he was approached by Mrs. Norwood who asked him if he would let her have $5.00 in exchange for her watch. He agreed, and the exchange was made. She then offered to have sexual

relations with him in exchange for another $5.00. He agreed and they proceeded to the hotel room where she voluntarily had relations with him. The subsequent scuffle with the knife occurred when he stopped her from looking through the pockets of his clothing.

In support of his contention that the trial court rendered inconsistent verdicts with respect to the Norwood indictments, the defendant argues that the sole issue before the trial court was the credibility of the complaining witness; that by finding the defendant not guilty of rape, the court must have had doubts as to the truthfulness of her testimony; and that under these circumstances, the finding of guilty on the robbery charge must be reversed. We do not find such an inconsistency in the verdicts. Rape and robbery are separate and distinct crimes, each having specific elements which must be proved beyond a reasonable doubt in order to support a conviction. An examination of the record reveals that on cross-examination the complaining witness was asked whether the defendant had sexual intercourse with her, and she replied: "Not all the way." Subsequently, when asked if he had been on top of her, she replied: "Part of the way." Her testimony raised some doubt as to whether penetration had occurred, and the trial court could well have concluded that the State thereby failed to prove all of the necessary elements of rape beyond a reasonable doubt. Such a conclusion does not necessarily reflect adversely on the credibility of the complaining witness. In our opinion, the record before us supports the verdicts of the trial court on the rape and robbery charges, and we find no inconsistency therein.

The defendant next contends that the sentences of twenty years imprisonment for the rape of Annette Bibbs and twenty years to twenty years and one day for the robbery of Berdina Norwood were in substance determinate sentences which were improper. This issue must be resolved by reference to the Sentence and Parole Act in effect on the date of his conviction and sentencing.

(Ill.Rev.Stat. 1959, ch. 38, par. 801 *et seq.*) This Act authorizes the imposition of imprisonment for a definite term of years with respect to the crimes of misprision and treason, murder, voluntary manslaughter, rape and kidnapping. Thus, we find no error in the imposition of the sentence of imprisonment for twenty years for the rape of Annette Bibbs. However, the Act clearly provides that except for the offenses specifically mentioned above, the court shall impose indeterminate sentences by fixing a minimum and maximum limit. (Ill.Rev.Stat. 1959, ch. 38, par. 802.) The clear intent of this provision for indeterminate sentences is to encourage rehabilitation of prisoners by holding out the possibility of early release on parole. While the sentence of twenty years to twenty years and one day for the robbery of Berdina Norwood may comply with the letter of the Sentence and Parole Act, we are of the opinion that it does not comply with its intent. *(People v. Westbrook, 411 Ill. 301.)* Since prisoners are not eligible for parole until they have served the minimum term (less good time) of an indeterminate sentence (Ill.Rev.Stat. 1959, ch. 38, par. 807), it is obvious that the effect of this sentence was to foreclose any possibility of consideration for parole. The trial judge made no findings to explain the imposition of such a sentence. It is true that the defendant stands convicted of three felonies and that he had been convicted in another State of petty larceny in 1945 and robbery in 1951. However, we do not believe that these facts present sufficient justification for such a radical departure from the intent of the Sentence and Parole Act.

While reviewing courts should proceed with great caution and circumspection with respect to the review of sentences imposed by a trial court *(People v. Taylor (1965), 33 Ill.2d 417),* we believe that the case before us requires a reduction in the minimum sentence imposed. After giving due consideration to the convictions on the rape and robbery charges now on appeal and the matters

presented by the State at the hearing in aggravation, we have determined that the minimum sentence on the conviction of robbery of Berdina Norwood (Indictment No. 60-3382) should be reduced to 15 years, and it is so ordered pursuant to Supreme Court Rule 615(b)(4). Ill. Rev.Stat. 1969, ch. 110A, par. 615(b)(4).

This brings us to defendant's final contention that the imposition of two separate sentences for the crimes of rape and robbery of Annette Bibbs was impermissible since both crimes involve the same victim and arose out of the same course of conduct. While it is true that the rape and robbery occurred in a series of acts committed at the same place and within a short time, it is equally true that they constituted separate acts involving different elements. As such, they were separate offenses for which concurrent sentences were both constitutionally and statutorily permissible. *People v. Johnson (1970), 44 Ill.2d 463; People v. Raby (1968), 40 Ill.2d 392.*

The judgments of the circuit court of Cook County are accordingly affirmed and the sentence modified as herein indicated.

*Judgments affirmed; sentence modified.*

MR. JUSTICE WARD took no part in the consideration of decision of this case.