(No. 44322.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DONALD L. LERCH, Appellant.

*Opinion filed May 22, 1972.*

UNDERWOOD, C.J., and RYAN, J., dissenting.

THEODORE A. GOTTFRIED, Illinois Defender Project, of Ottawa (BRUCE STRATTON, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and JAMES N. DeWULF, State's Attorney, of Rock Island (THOMAS J. IMMEL, Assistant Attorney General and F. STEWART MERDIAN, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant pleaded guilty in the circuit court of Rock Island County to attempted escape and aggravated battery. He was sentenced to the penitentiary for concurrent terms of 3 to 5 years on the former charge and 5 to 10 years on the latter. The appellate court affirmed *(People v. Lerch (Ill.App. 1971), 268 N.E.2d 901)* and we granted leave to appeal. The only issue presented on review is whether the concurrent sentences were validly imposed.

The facts are not in dispute. While incarcerated in the county jail for failure to post bond on a pending felony charge, defendant and several other prisoners, during their escape attempt, attacked and severely beat the jailer who had come to take another prisoner from the cell block.

Defendant, citing *People v. Whittington, 46 Ill.2d 405,* and *People v. Stewart, 45 Ill.2d 310,* contends that he was convicted of more than one offense which arose from the same act or transaction. He requests that this court reverse his conviction for attempted escape which is the less serious charge.

The problem of multiple sentences has arisen before this court on numerous occasions in recent years. In *People v. Schlenger, 13 Ill.2d 63,* defendant was convicted of armed robbery and grand larceny when he took $200 from one victim. Defendant argued that only one crime was committed, *i.e.,* the armed robbery, and that the concurrent sentence on the latter charge should be reversed for it might prejudice his application before the pardon and parole board. We reversed his conviction for grand larceny, adopting the view that the lesser conviction was improper for both charges arose from the identical act. This rationale was subsequently applied to reverse a conviction for incest which occurred when defendant raped his daughter. *People v. Duszkewycz, 27 Ill.2d 257.*

The pertinent section of the Criminal Code (Ill.Rev. Stat. 1971, ch. 38, par. 1–7(m)) provides: "Consecutive and Concurrent Sentences. When a person shall have been convicted of 2 or more offenses which did not result from

the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions, may commence at the expiration of the term of imprisonment upon any other of the offenses." The committee comments concerning this section state: "Subsection (m) is intended to codify the holding in People v. Schlenger, 13 Ill.2d 63, 147 N.E.2d 316 (1958), by the implicit converse of the provision stated, *i.e.,* if the offenses resulted from the same conduct the defendant may not be sentenced on both, either concurrently or consecutively. 'Conduct' is defined in section 2—4 and is used in the sense of 'the same transaction' discussed in Schlenger, *supra.*" S.H.A., ch. 38, sec. 1—7(m), p. 37.

In light of this provision, decisions of this court may be classified in two categories. Our decision in *Schlenger* has been followed where multiple convictions arose from a single act. *(City of Chicago v. Hill, 40 Ill.2d 130.)* However, we have sustained multiple sentences where each offense was complete and there was no necessary relationship between them *(People v. Raby, 40 Ill.2d 392),* and where the offenses, although arising from a closely related series of acts, were clearly distinct and required different elements of proof. *People v. Harper, 50 Ill.2d 296; People v. Johnson, 44 Ill.2d 463.*

Both parties to this appeal erroneously characterize defendant's criminal conduct as involving multiple acts. The State asserts that the aggravated battery upon the jailer was complete before the attempt to escape was made. However, the count in the indictment charging attempted escape to which the defendant pleaded guilty states that he "committed the offense of ATTEMPT, in that [he] with intent to commit the offense of ESCAPE, took a substantial step towards the commission of the offense of ESCAPE, when [he] intentionally" struck and kicked the jailer, and as a result of this attack he was able to leave the cellblock.

Attempt occurs when a person "with intent to commit a specific offense *** does any act which constitutes a substantial step toward the commission of that offense." (Ill.Rev.Stat. 1971, ch. 38, par. 8—4.) The facts clearly demonstrate defendant's guilt as to both charges. However, the criminal conduct describing his attempted escape is identical with the conduct specified in the count for aggravated battery, *i.e.*, the attack upon the jailer. Under circumstances where defendant is charged with multiple offenses which arose from a single act, as charged in the present indictment, we are compelled to vacate his sentence for attempted escape which is the less serious offense. Ill.Rev.Stat. 1971, ch. 38, par. 1—7(m); *City of Chicago v. Hill, 40 Ill.2d 130; People v. Duszkewycz, 27 Ill.2d 257; People v. Schlenger, 13 Ill.2d 63.*

For the aforementioned reasons the judgment of the appellate court affirming the conviction and sentence for attempted escape is reversed, and the cause is remanded to the circuit court with directions to vacate that sentence.

*Reversed and remanded, with directions.*

MR. CHIEF JUSTICE UNDERWOOD, dissenting:

I must once again dissent from the court's disposition of this multiple sentencing problem.

The troublesome aspect of these cases is the fact that a course of conduct may involve the commission of several criminal offenses. Even though all of these offenses were known to prosecutors, they formerly and not infrequently elected to prosecute each offense separately, particularly if not satisfied with the disposition made in the initial case. *(People v. Ciucci, 8 Ill.2d 619, affirmed sub nom. Ciucci v. Illinois, 356 U.S. 571, 2 L.Ed.2d 983, 78 S.Ct. 839.)* Several years after that decision the present "Criminal Code of 1961" was enacted by the General Assembly, and in *People v. Golson, 32 Ill.2d 398, 411,* our court quoted section 3—3 (Ill.Rev.Stat. 1963, ch. 38, par. 3—3) in holding that considerations of fundamental fairness to an

accused had prompted enactment of section 3—3 which precluded separate indictments and trials where both "defendants were tried twice for the identical misconduct —the participation in an illegal venture in which a co-conspirator killed two men." There can be no question, however, that the court considered that the defendants could have been prosecuted for both murders, for at page 410 appears the language: "*** it is clear that the two indictments charged separate and distinct offenses ***."

It is also clear from the Committee Comments following section 3—3 (S.H.A., ch. 38, par. 3—3) that the principal concern of the Committee lay with the *seriatim* prosecution of multiple offenses arising from the same course of conduct. In fact, the Comments (pp. 202-203) indicate the Committee considered but rejected a suggestion that the prosecution in such instances be limited to a single sentence. That rejection is to me quite persuasive of the conclusion that the drafters of the Code did not intend to incorporate in 1—7(m) the rationale of *People v. Schlenger, 13 Ill.2d 63,* despite the contrary indication in the Comments referred to by the majority. The Committee did intend to eliminate the separate prosecutions and did so in section 3—3 by requiring all known offenses to be prosecuted in a single prosecution. *Schlenger* was not bottomed on any constitutional argument and was predicated solely on acceptance of that defendant's argument that his chances of parole were adversely affected by multiple concurrent sentences. Since there is, to the best of my knowledge, no constitutional prohibition against multiple concurrent sentences arising from the same course of conduct or, indeed, from the same act, and since the 1961 Code actually rejects the *Schlenger* rationale, rather than codifying it, this court is certainly no longer restricted by that decision.

Nor should we attempt to devise a rule deemed by some of us more desirable than adherence to the statutory scheme. Our willingness to permit multiple concurrent sentences only where the offenses were "independently

motivated" or are based upon a course of conduct which is "divisible" finds no statutory support and leads only to the inconsistency manifest in our opinions since enactment of the 1961 Code. That absence of harmony, however, is, in my judgment, due to the court's failure to recognize that there is nothing in section 3—3 or 1—7(m) prohibiting, or manifesting any intent to prohibit, simultaneous prosecutions for multiple offenses "based on the same act" (3—3(b)), and that the sole purpose of 1—7(m) is to proscribe consecutive sentences for those offenses except where they "did not result from the same conduct." Our problem has also, in part, been due to a preoccupation with *ad hoc* opinions which seemingly produced a fair result in a given case but have created a most inconsistent pattern due, in my judgment, solely to this court's refusal to recognize that there is *no* statutory prohibition against concurrent sentences in *any* case. I do not believe there to be any constitutional prohibition against such sentences, but, if the majority of this court believes there is, then this decision should be bottomed upon that ground. The remedy lies in adhering to what seems to me to be the clear statutory intent: Inclusion in a single prosecution of multiple offenses known to a prosecutor and arising from the same conduct (3—3(a) and (b)) and the imposition of only concurrent sentences except where convictions have not resulted from the same conduct (1—7(m)).

I should, perhaps, add that I would think it *desirable* to have only one sentence for several offenses arising from the same *act*, and, perhaps, only a single sentence for multiple offenses arising from the same "series of acts" or what is essentially the "same transaction." But in the absence of constitutional prohibition of concurrent sentences in those cases, the choice of a *desirable* sentencing scheme is for the legislature to make. It has done so by permitting concurrent sentences. We should respect that choice.

MR. JUSTICE RYAN joins in this dissent.