THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDNA MONROE, Defendant-Appellant.

(No. 55455;

First District—August 3, 1972.

Dennis L. Posen and Richard Halperin, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Chicago, (Robert A. Novelle and Stephen Kramer, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Following a jury trial the defendant, Edna Monroe, was found guilty of attempted murder and was sentenced to the Women's Reformatory for not less than 18 nor more than 20 years. All contentions on appeal

have been waived save the one that her minimum sentence should be reduced. It is suggested that this should be set at three years. The argument is made that the two year difference between her minimum and maximum sentence is insufficient to permit the effective functioning of the Parole Board in evaluating the possibility of her rehabilitation.

■■ This court has often stated that the power to reduce sentences should be used with caution, and that the trial judge who has the opportunity to observe a defendant occupies a superior position in determining the extent of the punishment to be imposed. (*People v. Sanford* (1968), 100 Ill.App.2d 101, 241 N.E.2d 485; *People v. Valentine* (1965), 60 Ill.App.2d 339, 208 N.E.2d 595.) At the trial it was established that the defendant fraudulently obtained an insurance policy upon the life of her stepdaughter and designated herself as the beneficiary. She and an accomplice subsequently gained entry to the stepdaughter's apartment and attempted to murder her by strangling her with a cord, beating her and stabbing her in the neck with a kitchen knife.

In view of these facts, to reduce the minimum sentence to three years or any like number would be a misuse of the power granted this court by Ill. Rev. Stat. 1969, ch. 110A, par. 615(b)(4). Nevertheless, the legislature has provided for indeterminate sentences (Ill. Rev. Stat. 1967, ch. 38, par. 1—7(e)) to give prisoners a worthy incentive toward rehabilitation by holding out the possibility of early release on parole. (*People v. Harper* (1972), 50 Ill.2d 296, 278 N.E.2d 771.) The two-year difference between the minimum sentence of 18 years and the maximum of 20 severely limits the discretion of the Parole Board. Therefore, we will reduce the minimum to 15 years so that the board will have wider latitude in determining when the defendant (who has no prior criminal record, is 45 years of age and the mother of six children) should be returned to society.

The judgment, as modified, is affirmed.

Judgment affirmed, as modified.

McGLOON, P. J., and McNAMARA, J., concur.