The People of the State of Illinois, Plaintiff-Appellee, *v.* Albert Sykes, Defendant-Appellant.

(No. 57286; ▮▮▮▮▮▮▮▮▮

First District (2nd Division)—March 13, 1973.

James J. Doherty, Public Defender, of Chicago, (Thaddeus L. Kowalski and Stanley Sacks, Assistant Public Defenders, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

After a bench trial defendant was convicted of two charges of theft.[1] He was sentenced to one year on each charge, the sentences to run consecutively. On appeal he contends that it was error to impose con-

---

[1] Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a) (1).

secutive sentences, because both thefts arose out of same conduct, and that the sentence was excessive.

The arresting officer testified that he responded to a radio report of a theft in progress. Upon arriving at the scene he observed defendant in an automobile located in a parking lot. The doors of other vehicles in the lot were ajar. On the front and rear seats of the automobile defendant was occupying were, among other things, a tape player and a spare tire.

Complainants James McKinney and Charles Bastephens identified the tape player and the spare tire, respectively, as their property. Both complainants testified that when they had parked their automobiles in the parking lot the identified property was located therein. They further testified that defendant had not been given permission to remove or possess such articles.

■■ Defendant initially contends that it was error to impose consecutive sentences for two offenses which resulted from the same conduct. When a person is convicted of two or more offenses which arise out of the same conduct, he cannot be sentenced for both, either concurrently or consecutively. Ill. Rev. Stat. 1971, ch. 38, par. 1—7 (m); *People v. Duszkewycz*, 27 Ill.2d 257, 189 N.E.2d 299. However, it is not improper to sentence for two offenses if the crimes are distinct and do not result from the same conduct, even though the unlawful acts are closely related in time and space. (See *People v. Johnson*, 44 Ill.2d 463, 256 N.E.2d 343; *People v. Harper*, 50 Ill.2d 296, 278 N.E.2d 771.) It is a matter of judicial discretion whether sentences imposed for two or more offenses which do not result from the same conduct should run concurrently or consecutively. (Ill. Rev. Stat. 1971, ch. 38, par. 1—7 (m); *People v. Ledferd*, 94 Ill.App.2d 74, 236 N.E.2d 19.) The issue, thus, is whether or not the offenses resulted from the same conduct of defendant.

■■ Conduct is defined by statute as "an act or a series of acts, and the accompanying mental state." (Ill. Rev. Stat. 1971, ch. 38, par. 2—4.) In the instant case the objects of the thefts were initially situated at different locations before defendant obtained or exerted unauthorized control over them. Therefore, one offense was necessarily completed before defendant commenced commission of the second offense. When defendant committed the second offense, he embarked on a new course of conduct which involved a separate intent to deprive a different owner of the use or benefit of different property than that which was involved in the first offense. The second offense was separate and distinct from the first offense, even though closely related thereto in time and space. Therefore, the two offenses did not arise out of the same conduct, and it was not error to sentence defendant for each offense with the sentences

to run consecutively. See *People v. Bellamy*, 8 Ill.App.3d 606, 290 N.E.2d 645.

■■ Defendant also contends that the sentences imposed were excessive. At the hearing in aggravation and mitigation evidence was adduced showing that defendant was 22 years of age, involved in, or seeking to become involved in a drug abuse program and had been convicted of theft five times previously. Under these circumstances the sentences were not excessive.

The judgment is therefore affirmed.

Affirmed.

LEIGHTON and HAYES, JJ., concur.