THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNIS KNELLER, Defendant-Appellant.

(No. 73-271;

Second District (2nd Division)—February 14, 1975.

Ralph Ruebner and Richard Wilson, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Martin Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Appellant, Dennis Kneller, was indicted by a Winnebago County grand jury on one count of burglary, and two counts of aggravated battery (one by using a deadly weapon and the other by causing great bodily harm). At a bench trial, appellant was found guilty of burglary and aggravated battery while using a deadly weapon. Appellant was sentenced to 3 to 9 years' imprisonment on the burglary conviction and 1 to 5 years' imprisonment on the aggravated battery conviction, both sentences to run concurrently. Appellant argues on appeal that he was denied his constitutional right to a jury trial, that he was not proven guilty of burglary beyond a reasonable doubt, and that he was improperly sentenced.

At approximately 12:45 A.M. on July 13, 1973, Richard and Carol Wedekind returned to the apartment building in Rockford which they lived in and managed. Upon noticing muddy footprints at the bottom of the stairs to the basement and because a tenant had previously reported some undergarments and a T-shirt missing from the basement, they investigated.

In the basement the Wedekinds found that the locked door from the boiler room to the tool room/storage room area had been taken off its hinges. They discovered the appellant in the tool room/storage room area dressed in a woman's two-piece bathing suit. The Wedekinds asked the appellant who he was and what he was doing there, but got no response. They walked back into the boiler room and Mr. Wedekind attempted to hold the unhinged door shut to prevent the appellant from leaving while Mrs. Wedekind went to call the police.

The appellant managed to force his way through the door, and in doing so struck Mr. Wedekind on the head with a "screw type dog stake." In the ensuing struggle, the appellant again struck Mr. Wedekind on the head with the stake and fled. Mr. Wedekind then went upstairs, and shortly after the police arrived, he was taken to a hospital, where he received four stitches in his head.

The police discovered a bankbook and billfold, both with the name Dennis Kneller therein, and a pair of men's underwear outside the building. The Wedekinds identified the appellant in court as the man they had seen in the basement.

The issues on appeal appeal are:

    I. Was appellant denied his constitutional right to a jury trial?
    II. Was appellant proven guilty of burglary beyond a reasonable doubt?
    III. Was appellant properly sentenced?

## I.

On the day of trial, appellant made a motion for waiver of jury trial as to the burglary count only. The trial court denied the motion, and then appellant made a motion for waiver of jury trial as to all three counts of the indictment. The trial court granted this motion. Appellant contended in his motion for a new trial that the trial court erred in forcing him to elect either a jury trial or a bench trial as to all three counts. He argues that since he was forced to choose in this manner, he was denied his constitutional right to a jury trial as to the aggravated battery counts.

■■ Appellant never made a motion for severance, even though the trial judge indicated that he would have granted such a motion. Under the Criminal Code, appellant could easily have made such a motion. (Ill. Rev. Stat. 1973, ch. 38, par. 114—8.) The three offenses here were properly joined, pursuant to section 111—4(a) of the Criminal Code, which states in pertinent part: "Two or more offenses may be charged in the same indictment * * * in a separate count for each offense if the offenses charged * * * are based on the same act or 2 or more

acts which are part of the same comprehensive transaction." (Ill. Rev. Stat. 1973, ch. 38, par. 38, par. 111—4(a).) Severance of the counts for trial is to be granted if it appears that prejudice will result otherwise. (Ill. Rev. Stat. 1973, ch. 38, par. 114—8.) The question is within the discretion of the judge. Simply because the trial judge indicated that he would have granted a motion to severance, had one been made, does not mean that the judge found prejudice in the joinder of these offenses for trial or that it would have been an abuse of discretion to deny the motion. Defense counsel simply argued, in his motion to waive a jury trial as to the burglary count alone, that testimony adduced regarding the burglary count would be prejudicial on the aggravated battery counts. This conclusionary statement would certainly not be enough for this court to find an abuse of discretion by the trial court in denying a motion for severance if one had been made. Therefore, appellant's argument that he was penalized for labeling his motion incorrectly (he called it a motion for waiver of jury trial) must fall.

■■ The main thrust of appellant's argument, though, is that he was denied his constitutional right to a jury trial. The existence of that right is beyond doubt, but there is no constitutional right to waive a jury trial. (*Singer v. United States*, 380 U.S. 24, 13 L.Ed.2d 630, 85 S.Ct. 783.) In Illinois, a defendant does have a statutory right to waive a jury trial. (Ill. Rev. Stat. 1973, ch. 38, pars. 115—1, 103—6; *People v. Spegal*, 5 Ill. 2d 211, 125 N.E.2d 468.) However, as stated above, the appellant does not have a right to have offenses validly joined in an indictment severed for trial if no prejudice is found from their joinder. Also, *Spegal* involved a waiver of jury trial where there was only one charge against the defendant. Since the appellant had no right to separate trials on the charges here, and reading sections 111—4(a), 114—8, and 115—1 of the Criminal Code together (Ill. Rev. Stat. 1973, ch. 38, pars. 111—4(a), 114—8, 115—1), it is seen that the appellant had to either elect or waive a jury trial as to the three charges together. Appellant chose to waive a jury trial, and from the record it is clear that he did so knowingly and intelligently in open court. Appellant was not denied his constitutional right to a jury trial.

II.

■■ Appellant next argues that he was not proven guilty of burglary beyond a reasonable doubt in that intent to commit a theft was not proven. "A person commits burglary when without authority he knowingly enters or without authority remains within a building * * * with intent to commit therein a felony or theft." (Ill. Rev. Stat. 1973, ch. 38, par. 19—1(a).) Insofar as is relevant here, a person commits theft when he knowingly obtains or exacts unauthorized control over

property of the owner intending to permanently deprive the owner of the use or benefit of the property. (Ill. Rev. Stat. 1973, ch. 38, par. 16—1.) Appellant was discovered in the basement of the building by the Wedekinds wearing a two-piece bathing suit which had been in the basement. No question is raised regarding the sufficiency of proof as to the unlawful entry element of the burglary charge, but only as to the intent to commit a theft.

> "Intent must ordinarily be proved circumstantially, by inferences drawn from conduct appraised in its factual environment. We are of the opinion that in the absence of inconsistent circumstances, proof of unlawful breaking and entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. Like other inferences, this one is grounded in human experience, which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose." (*People v. Johnson*, 28 Ill.2d 441, 443, 192 N.E.2d 864.) See also *People v. Polansky*, 6 Ill.App.3d 773, 287 N.E.2d 747.

Appellant concedes that the above quote is an accurate statement of the law, but argues that this case involves "inconsistent circumstances." Appellant bases this argument on the fact that he was found simply wearing the two-piece bathing suit, and when questioned as to what he was doing he merely walked away from the Wedekinds. We fail to see how this situation indicates anything other than that appellant was in the course of exerting that permanent, unauthorized control over the property of another which constitutes theft, further buttressing the finding of his intent to commit a theft. The evidence clearly points to appellant having burglarized the building to get some of the women's clothing contained therein.

■■ There was testimony given at the trial that at some prior time, women's underwear had been reported missing from the basement. Evidence of another theft is not competent proof of the instant offense, even if it is established that appellant committed that other theft, unless it tends to prove design, motive or knowledge or places the appellant in proximity to time and place, or aids in establishing identity. (*People v. Cage*, 34 Ill.2d 530, 216 N.E.2d 805.) There is no indication here that the appellant was in any way involved in a prior theft of women's underwear from this basement. Thus, any evidence as to such is inadmissible. However, this was a bench trial, and it is presumed that the trial court disregarded all incompetent and irrelevant evidence. *People v. Grabowski*, 12 Ill.2d 462, 147 N.E.2d 49.

■■ Appellant cites several cases in support of his argument that intent was not proven here. (*People v. Soznowski*, 22 Ill.2d 540; *People v. Perry*, 133 Ill.App.2d 230; *People v. McCombs*, 94 Ill.App.2d 308.) It will suffice to say that these cases are readily distinguishable on the facts, all involving circumstances inconsistent with an intent to commit a theft, as mentioned in *People v. Johnson*, 28 Ill.2d 441. In *People v. Polansky*, 6 Ill.App.3d 773, cited by appellant, a defendant in a factual situation analogous in pertinent part to the factual situation here was found guilty of both burglary and aggravated battery. Appellant was proven guilty of burglary beyond a reasonable doubt.

## III.

The final argument on appeal is that the trial court erred in imposing concurrent sentences of 3 to 9 years' imprisonment on the burglary conviction and 1 to 5 years' imprisonment on the aggravated battery conviction. Appellant contends that these two offenses arose from the same conduct and thus he cannot be sentenced for both of them, citing *People v. Lerch*, 52 Ill.2d 78, *People v. Cox*, 53 Ill.2d 101, and section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a)). *Lerch* is not in point, as it involved a single act which constituted multiple offenses. *Cox* is not in point, as it involved two of the same kind of acts occurring almost simultaneously. Section 5—8—4(a) of the Code of Corrections is of no help to appellant, as it, insofar as is relevant here, may prohibit consecutive sentences. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a).) Also, in *Polansky*, cited above, a defendant similarly situated to appellant was given two longer concurrent sentences than appellant, both of which sentences were upheld.

The law is clear that one may properly be sentenced for two offenses where the crimes are distinct and do not result from the same conduct, though the unlawful acts are closely related in time and space. (*People v. Moore*, 51 Ill.2d 79; *People v. Harper*, 50 Ill.2d 296; *People v. Johnson*, 44 Ill.2d 463; *People v. Quinn*, 23 Ill.App.3d 476; *People v. Sykes*, 10 Ill. App.3d 657; *People v. McKinney*, 126 Ill.App.2d 196.) All of these cases indicate that the burglary and aggravated battery appellant was convicted of here were distinct crimes not resulting from the same conduct. ■■ Also, directly in point is *People v. Williams*, No. 44031, January Term, 1974. There the supreme court held that a defendant could not be convicted of both burglary and armed robbery because an unauthorized entry with intent to commit a theft and the actual theft by way of armed robbery constituted two offenses arising out of the same conduct. In such a case, only the conviction for the most serious of the offenses, the armed robbery conviction, could stand. However, the defendant in

*Williams* also shot to death one of the people in the house he had entered in the course of his activities. The court held that separate convictions for armed robbery and murder were not prohibited, though the activity constituting both offenses was a series of closely related acts. The court said, at page ——:

> "The purpose of the entry was robbery, not murder, and that objective changed to murder only, when the robbers were confronted by Mr. Calderone with a gun in his hand. Then, they chose to commit a separate act for the purpose of killing Mr. Calderone. That shooting can be viewed as a means of removing an obstacle to their original objective of robbery, but it is also evident that at least part of their reason for killing was to avoid injury or apprehension by Mr. Calderone."

This situation is directly akin to the case at hand where the appellant battered Mr. Wedekind as a means of avoiding apprehension by him. Appellant's objective changed when confronted by Mr. Wedekind, just as the defendant's objective changed in *Williams*. Appellant was properly sentenced on both the burglary and aggravated battery convictions.

The judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.