THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RALPH BELL, Defendant-Appellant.

(No. 74-255;

Third District—July 14, 1975.

James Geis and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (William Ford, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

On April 3, 1973, Ralph Bell was indicted for the crimes of armed robbery and aggravated battery which occurred on December 15, 1972. The first count of the indictment charges the defendant with committing the offense of armed robbery by taking property from the person of George Williams by threatening the imminent use of force. The second count of the indictment charges the offense of aggravated battery by inten-

tionally shooting Walter Robinson without lawful justification. Defendant appeals from the conviction for aggravated battery, which he contends arose from the same course of conduct as his conviction for armed robbery. The defendant was sentenced to concurrent terms of 10 to 15 years on the armed robbery count and 3 to 10 years on the aggravated battery count. Defendant's accomplice was killed in a shootout with police while both were trying to escape.

The record reveals that the defendant and an accomplice entered the Apollo Club, in the city of Joliet, armed with deadly weapons and announced a holdup. The record reveals, by the testimony of witness Sylvester Holloway, that when the defendant came through the doorway, he said: "All you m----- f------ line up against the wall and take your clothes off." Then he asked, "Who shot my friend * * * Iceberg Slim?" Another witness, James Surgeon testified that when defendant came into the Club, he said, "You m----- f------ mess my buddy up over here—Chicago Slim—and I'm over here to take up for him." The patrons of the Club, who were engaged in playing cards and shooting dice, were ordered to place their money and valuables on a table during the course of the robbery. The record reveals that the defendant shot Robinson in the lower back when he was attempting to comply with these commands.

The only issue presented for review is whether the shooting of Robinson and the armed robbery of Williams were a part of a single course of conduct, or were they two separate and independent criminal acts?

The question of imposing multiple sentences for closely related offenses has been a troublesome point in Illinois. The Criminal Code deals only with the problem of multiple *consecutive* sentences. It states that the court shall not impose consecutive sentences for offenses which were "committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a).) But this section of the Code does not apply here since it prohibits only consecutive and not concurrent sentences. In support of his contention that these two offenses arose from the same conduct and thus that he cannot be sentenced for both of them, appellant cites *People v. Lerch*, 52 Ill.2d 78, 284 N.E.2d 293 (1972), and *People v. Cox*, 53 Ill.2d 101, 291 N.E.2d 1 (1972). *Lerch* is not in point as it involved a single act which constituted multiple offenses and neither is *Cox*, since it involved two of the same kind of acts occurring almost simultaneously.

The test of multiple offense sentencing is sometimes stated as whether the conduct is "separable" and other times as whether each offense was "independently motivated." See generally *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24 (1970); *People v. Russo*, 52 Ill.2d 425; 288

N.E.2d 412 (1972); and *People v. Lilly,* 56 Ill.2d 493, 309 N.E.2d 1 (1974). "Conduct" is defined in the Code as "an act or series of acts, and the accompanying mental state." (Ill. Rev. Stat. 1973, ch. 38, par. 2—4.) As discussed in article 4 of the Code, "mental state" is the intent, knowledge, recklessness or negligence with which a person acts in the commission of an offense. Ill. Rev. Stat. 1973, ch. 38, pars. 4—3 to 4—7.

While it may be conceded that both Bell's armed robbery and his aggravated battery were part of the "same transaction," there is no statutory authority which precludes conviction for two offenses which occur in the "same transaction." The statute is much more limiting, precluding only consecutive sentences where the offenses are a part of the same "conduct."

This precise question was considered in *People v. Johnson,* 44 Ill.2d 463, 474-75, 256 N.E.2d 343, 350 (1970), which involved multiple convictions and concurrent sentencing for rape and burglary. The defendant in that case argued for a broad construction of the statutory words "same conduct" to mean the "same general transaction." The court rejected this construction in "situations in which more than one offense arises from a series of closely related acts and the crimes are clearly distinct and require different elements of proof." The supreme court held further in *Johnson* that rape and burglary are "separate and distinct crimes requiring entirely different proof to sustain them. The rape has no necessary connection with the burglary as is evident when we stop to consider that the burglary was complete before the defendants laid a hand on the victim."

The same reasoning is directly applicable to the instant case, particularly when we consider the fact that there were two different victims—Williams and Robinson. Armed robbery and aggravated battery are separate and distinct crimes requiring entirely different proof to sustain them. The aggravated battery had no necessary connection with the armed robbery here as is evident when we consider that the armed robbery of Williams was complete before the defendant shot the victim Robinson. Had the defendant not embarked on an entirely separate course of conduct in making the battery, the armed robbery would have occurred without any aggravated battery having been committed.

To hold otherwise would misconstrue section 3—3 of the Criminal Code. Subsections (a) & (b) of section 3—3 set forth the framework which should clearly control in this case:

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense."

"(b) If the several offenses are known to the proper prosecuting

officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act." Ill. Rev. Stat. ch. 38, § 3—3.

The Committee Comments disclose the consideration and rejection by the committee of a suggested compromise provision which would have prohibited further prosecutions where the initial prosecution results in a conviction, "thus permitting only one sentence for a single course of conduct." Committee Comments, Ill. Ann. Stat. ch. 38, § 3—3, at 203 (Smith-Hurd 1972).

Therefore under paragraph (a), as adopted, a defendant may be convicted and sentenced separately for each such offense based upon the "same conduct." Paragraph (b) provides that several offenses must be prosecuted in a single prosecution only if they are based on the "same act".

The recent case of *People v. Kneller*, 25 Ill.App.3d 935, 323 N.E.2d 469 (2d Dist. 1975) involved burglary and aggravated battery where defendant was found by the tenant in his basement and while fleeing, defendant struck tenant on the head. The court said:

> "The law is clear that one may properly be sentenced for two offenses where the crimes are distinct and do not result from the same conduct, though the unlawful acts are closely related in time and space. (*People v. Moore*, 51 Ill.2d 79; *People v. Harper*, 50 Ill.2d 296; *People v. Johnson*, 44 Ill.2d 463; *People v. Quinn*, 23 Ill.App.3d 476, *People v. Sykes*, 10 Ill.App.3d 657; *People v. McKinney*, 126 Ill.App.2d 196.)" (25 Ill.App.3d 935, 940.)

All of these cases indicate that the armed robbery and aggravated battery defendant were convicted of here were distinct crimes not resulting from the same conduct.

Also directly in point is *People v. Williams*, 60 Ill.2d 1, 322 N.E.2d 819 (1975). There the supreme court held that a defendant could not be convicted of both burglary and armed robbery because an unauthorized entry with intent to commit a theft and the actual theft by way of armed robbery constituted two offenses arising out of the same conduct. In such a case, only the conviction for the most serious of the offenses, the armed robbery conviction, could stand. However, the defendant in *Williams* also shot to death one of the people in the house he had entered in the course of his activities. The court held that separate convictions for armed robbery and murder were not prohibited, though the activity constituting both offenses was a series of closely related acts. The court said:

> "The purpose of the entry was robbery, not murder, and that objective changed to murder only when the robbers were confronted by

Mr. Calderone with a gun in his hand. Then, they chose to commit a separate act for the purpose of killing Mr. Calderone. That shooting can be viewed as a means of removing an obstacle to their original objective of robbery, but it is also evident that at least part of their reason for killing was to avoid injury or apprehension by Mr. Calderone." 60 Ill.2d 1, 14, 322 N.E.2d 819, 826.

The defendant has placed much reliance on *People v. Whittington,* 46 Ill.2d 405, 265 N.E. 679 (1970), where defendant stole a motor vehicle on prison grounds as part of his plan to escape and was convicted and sentenced for both offenses. The court held sentence for theft was improper as the theft was not "independently motivated."

The facts in the instant case make it easily distinguishable from the circumstances in *Whittington.* Here the acts and mental state which constituted armed robbery and aggravated battery were independent and the conduct which constituted each offense was separable. The victim in the one was different than the victim in the other. The proof required to sustain the one was different than the proof required to sustain the other. They are separate and distinct crimes and cannot be said to arise from the "same conduct" or the "same act." The two offenses, independently motivated or otherwise separable formed the converse of the situation found in *Whittington.* See *People v. Wilson,* 51 Ill.2d 302, 281 N.E.2d 626 (1972).

■■ The case at hand is similar to *Williams* when the appellant caused great bodily harm to Walter Robinson either as revenge for killing his friend Iceberg Slim or as a means of avoiding apprehension by him. The purpose of entering the Apollo Club was armed robbery, not aggravated battery, but that objective changed to aggravated battery when the defendant felt Walter Robinson either was not cooperating or that he could serve another purpose, that of revenge for the killing of his friend Iceberg Slim. Thus, the factor of independent motivation of *Stewart* has been met. Appellant's concurrent sentences on both armed robbery and aggravated battery were proper.

The judgment of the Circuit Court of Will County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.