THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY T. BROWNFIELD, JR., Defendant-Appellant.

Third District   No. 75-216

Opinion filed June 9, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

C. Brett Bode, State's Attorney, of Pekin (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Henry T. Brownfield appeals from a conviction for unlawful possession of a controlled substance (heroin—greater than 30 grams) and delivery of a controlled substance (heroin—less than 30 grams). He was sentenced to concurrent terms in the Department of Corrections of not less than 7 nor more than 14 years and not less than 2 nor more than 6 years respectively on the charges.

The only issue raised on appeal is the contention of appellant that the trial court erred in entering judgment of conviction and sentence on the offense of unlawful possession of a controlled substance and unlawful delivery of a controlled substance for the reason that each offense arose out of the same course of conduct. Defendant was convicted of both offenses following a jury trial.

The record indicates that an undercover agent purchased an ounce of heroin from defendant Brownfield. Upon leaving the Brownfield premises, the agent returned to his headquarters and secured a search warrant. Before executing the search warrant, the agent returned to defendant's residence and requested a gram of the substance so that the prospective purchaser could have an opportunity to test the quality of the drug. Defendant Brownfield complied by removing a gram of the substance from the larger plastic bag stored in the freezer section of the refrigerator. The substance was field-tested with a positive result indicating the presence of heroin. Thereafter, the security officer converged on the Brownfield residence with a search warrant and confiscated the bag located in the refrigerator which contained heroin.

Defendant took the stand and asserted an entrapment defense. He said that he believed that the supplier and purchaser of the heroin were undercover agents and that his role in the sale was, therefore, nothing more than acting as a conduit. The jury returned a verdict of guilt on both offenses, i.e., unlawful delivery and possession of a controlled substance.

In the instant case the judgment of conviction and sentence was entered on the unlawful possession of heroin of more than 30 grams as well as unlawful delivery of heroin of less than 30 grams. In *People v. Holliman* (2d Dist. 1974), 22 Ill. App. 3d 95, 316 N.E.2d 812, a factual situation which was somewhat similar to the case at bar, involved an informer who gave the defendant there $25 in exchange for foil-wrapped package alleged to contain heroin. Thereafter, the analysis revealed that heroin was contained therein. The defendant there was convicted of both the possession and sale of heroin and was sentenced to a concurrent term of 2 to 6 years on each count. In that case, the court concluded there could be but one sentence and judgment of conviction. This is based on the "one act, one crime" principle which is applied in this State. (*People v. Austin* (2d Dist. 1974), 23 Ill. App. 3d 520, 319 N.E.2d 306.) The premise is that a judgment of conviction is not entered on a lesser offense when the two offenses arose out of the same course of conduct during which there was no substantial change in the criminal objective.

The facts in the instant case, however, create a situation where it is substantially different than in the *Holliman* case. Defendant was convicted for delivery of one "batch" of heroin and convicted for possession of another entirely separate and distinct batch. The night before he was arrested, defendant bought a quantity of heroin and stored it in a refrigerator. The following day he sold the agent one gram for $65. After the agent had field-tested it and received a positive result, he served the search warrant and the large amount of 37.9 grams of the substance containing the heroin was obtained from the refrigerator in the subsequent search and was the basis for conviction of possession of more than 30 grams of the substance containing heroin. As we observed in *People v. Bell* (3d Dist. 1975), 30 Ill. App. 3d 449, 332 N.E.2d 619, the criminal code only prohibits multiple consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. The convictions in this case rest on two physically separate and distinct batches of heroin. They were separated by defendant and remained so following the sale to the agent. As stated in *People v. Kneller* (2d Dist. 1975), 25 Ill. App. 3d 935, 940, 323 N.E.2d 469:

> "The law is clear that one may properly be sentenced for two offenses where the crimes are distinct and do not result from the same conduct, though the unlawful acts are closely related in time and space."

The acts in the present case are independent and the conduct which constituted each offense was clearly separable. The physical batches of heroin also were different. The proof which was required to sustain the possession conviction was different from that required to sustain the

delivery conviction. It was not a single act which resulted in the two convictions.

In view of the record, therefore, it was proper for the court to enter judgments of conviction on both the offenses. For the reasons stated, the judgments of the Circuit Court of Tazewell County are affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.