THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GARY GILKER, Defendant-Appellant.

Fourth District   No. 13846

Opinion filed November 24, 1976.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, and Len Berg, law student, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

In this case we again confront the subtle differences involved in ruling upon the propriety of multiple convictions arising from closely related criminal conduct. After jury trial in the Circuit Court of Adams County, defendant Gary Gilker was convicted of the offenses of aggravated battery and escape and sentenced to a single sentence of 5 to 15 years' imprisonment to be served consecutively to a sentence previously imposed by the same court. On appeal defendant contends that the court erred in entering judgment of conviction on both offenses and imposing a consecutive sentence. The People concede that defendant is entitled to claim the benefits of section 5—8—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—4(c)) in force

at the time of the offenses. That section prohibits the imposition of consecutive sentences for the offenses involved here when the aggregate of the minimum sentences exceeds 2 years. It is agreed that the instant sentences must be made concurrent.

In *People v. Meredith* (1976), 37 Ill. App. 3d 895, 347 N.E.2d 55, we traced from *People v. Schlenger* (1958), 13 Ill. 2d 63, 147 N.E.2d 316, to *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819, the uncertain history of the rules determining whether multiple sentences should be imposed for closely related criminal conduct. The majority concluded that *Williams* held that multiple convictions are erroneous if the defendant's objective, purpose and motivation remains unchanged throughout the conduct but permissible as to offenses which involve a change in those factors.

■■ In the instant case, the only witness to testify directly to the acts of aggravated battery was the victim, John Turner. He testified that he was the jailor for the Adams County Jail on the evening of June 1, 1974. While he was on duty, two inmates called him to the bullpen area of the jail complaining that the floor in the area was flooded by an overflowing toilet. Turner obtained a bucket and mop for the two inmates. As he opened the door to the bullpen in order to give these items to the inmates, they grabbed him, started hitting him and pulled him into the bullpen. As Turner was being taken through the door, defendant came up and hit Turner in the face. Three other inmates then beat Turner severely. The six inmates then took Turner's keys, put him in a cell and escaped. .

Defendant claims that his objective, purpose and motivation in hitting Turner was to effectuate the offense of escape. The People maintain that Turner had been sufficiently overcome to effectuate the escape before defendant hit him and that at that time defendant's objective, purpose and motivation had changed from escaping to inflicting injury upon Turner.

In *Williams* two men entered a home for the purpose of robbery. When they were confronted by the man of the house who had a gun in his hand, the intruders shot and killed the householder. Later they robbed his wife. The court disallowed multiple convictions for burglary and robbery but then stated:

> "These cases do not, however, prohibit separate convictions and sentences for armed robbery and murder, even though the activity constituting both offenses was a series of very closely related acts. The purpose of the entry was robbery, not murder, and that objective changed to murder only when the robbers were confronted by Mr. Calderone with a gun in his hand. Then, they chose to commit a separate act for the purpose of killing Mr. Calderone. That shooting can be viewed as a means of removing

an obstacle to their original objective of robbery, but it is also evident that at least part of their reason for killing was to avoid injury or apprehension by Mr. Calderone. We believe that such a situation is controlled by our decision in *People v. Johnson* (1970), 44 Ill. 2d 463, in which we held that the convictions and sentences for burglary and rape were proper." (60 Ill. 2d 1, 14, 322 N.E.2d 819, 826.)

■■ In the instant case, the objective, purpose and motivation of the inmates who originally grabbed Turner was escape. By the time defendant hit him, however, he seemed to be in the control of his captors. To paraphrase *Williams*, defendant's hitting Turner can be viewed as removing an obstacle to the escape but in view of the unnecessary nature of the act it is also evident that at least part of the reason was to inflict injury upon Turner. Indeed the time consumed by defendant and others in hitting Turner actually inhibited rather than helped the escape. After beating Turner, the objective, purpose and motivation of defendant and the other escapees returned to effectuating the escape. We determine the separate convictions to be permissible.

Defendant relies on *People v. Whittington* (1970), 46 Ill. 2d 405, 265 N.E.2d 679, and *People v. Lerch* (1972), 52 Ill. 2d 78, 284 N.E.2d 293. These cases, however, are distinguished from the present case. In *Whittington*, the defendant stole a motor vehicle on prison grounds and used it to escape. This was clearly conduct engaged in with a single objective, purpose and motivation. In *Lerch*, the Supreme Court held that a single conviction was proper where a defendant had been convicted of aggravated battery and attempted escape. That the conduct involved a single objective, purpose and motivation was shown by the indictment which alleged the aggravated battery to be a substantial step towards the intended escape.

The conviction and the term of the sentence are affirmed. The portion of the sentence ordering that the imprisonment be served consecutively to another sentence is reversed. The case is remanded with directions that an amended mittimus issue ordering that the sentence be served concurrently to the other sentence.

Affirmed in part, reversed in part and remanded.

TRAPP, P. J., and CRAVEN, J., concur.